EDWARD J. FANGMAN AND    \*    IN THE
VICKIE G. FANGMAN,
4309 Hoffmanville Road    \*    CIRCUIT COURT
Manchester, MD 21102
         \*    FOR

  *Plaintiffs*       \*    BALTIMORE COUNTY
v.           \*

GENUINE TITLE, LLC     \*
SERVE ON:
  Genuine Title, LLC    \*
  c/o Jay Zukerberg
  11155 Dolfield Road    \*
  Suite 101
  Owings Mills, MD 21117,   \*

            Case No.:

 *Defendant*       \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiffs, EDWARD J. FANGMAN and VICKIE G. FANGMAN, Class
Plaintiffs, on behalf of themselves and on behalf of the entire class of persons similarly
situated, by and through their attorneys, Michael Paul Smith, Natalie Mayo and Smith,
Gildea & Schmidt, LLC, hereby sue Genuine Title, LLC, and state:

## NATURE OF THE ACTION

1.   EDWARD J. FANGMAN and VICKIE G. FANGMAN, Class Plaintiffs, on
behalf of themselves and on behalf of the entire class of persons similarly situated
(hereinafter "Plaintiffs") bring this class action complaint against Genuine Title,
LLC (hereinafter "Defendant") for engaging in a systematic and fraudulent
scheme to exchange illegal fees for referrals during the settlement process
involving state and federally related mortgage loans from 2007 to 2011
(hereinafter the "Kickback Scheme").

## JURISDICTION AND VENUE

2.   Plaintiffs incorporate the above stated paragraphs as if restated herein.

1



EXHIBIT

A

3.  Class Plaintiffs are residents of Carroll County, MD.

4.  Plaintiffs bring this action pursuant to Maryland Rule 2-231 as a class action on his own behalf and on behalf of the entire class of people similarly situated.

5.  Genuine Title, LLC (hereinafter "Genuine Title") is headquartered and maintains its principal place of business in Baltimore County, MD.

6.  Jurisdiction and venue are proper in this court pursuant to 4-401(d)(1)(ii), 6-102, 6-103 and 6-201 of the Courts and Judicial Proceedings Article, Annotated Code of Maryland.

## MAINTAINABILITY AND DESIRABILITY OF CLASS ACTION

7.  Plaintiffs incorporate the above stated paragraphs as if restated herein.

8.  There are common questions of law or fact in this action that are common to the class, most notably that each member was either involved in or charged excess fees associated with the Kickback Scheme, which predominate over any questions solely affecting individual members of the Class.

9.  The claims of the Class Plaintiffs as a representative party are typical to the claim of the class. The Class Plaintiffs will fairly and adequately protect the interests of the class.

10. This action is properly maintained as a class action under Maryland Rule 2-231(b)(1)(A) in that separate actions by individual members of the class would create inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Genuine Title.

11. This action is also properly maintainable as a class action pursuant to Maryland Rule 2-231(b)(1)(B) in that separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

12. This action also is properly maintained under Maryland Rule 2-231(b)(3), in that questions of law or fact common to members of the class predominate over any questions affecting only individual members and a class action is superior to other

2

available methods for the fair and efficient adjudication of this controversy between the class and Defendant Genuine Title.

13. The members of Plaintiffs' class are so numerous that their joinder is impracticable. The Class consists of all persons who received and were charged for real estate settlement services from Genuine Title between 2007 and 2011.

14. Plaintiffs believe and therefore aver that their claims are typical of the Class in that all members were charged for real estate settlement services provided by Genuine Title during the Kickback Scheme.

15. This action is properly maintained as a call action under Maryland Rule 2-231(b)(2) in that Defendant Genuine Title has acted or refused to act as hereinafter more specifically alleged, on grounds which are generally applicable to the class.

16. Plaintiffs believe and therefore aver that a class action is superior to other available methods of adjudicating the alleged controversy, especially considering the size and common interests of the Class, as well as the fact that the amount at stake for individual class members makes it unlikely that said individuals will pursue a separate action.

17. The commonality of issues of law and fact substantially diminishes the interest of members of the class in individually controlling the prosecution of separate actions. Many of the members are unaware of their rights to prosecute a claim against Defendant Genuine Title. There has been little, if any, litigation already commenced by members of the class to determine the questions presented herein. It is desirable that the claims be concentrated in this forum due to the fact that many witnesses reside in this jurisdiction. This class action can be managed without undue difficultly because Plaintiffs will vigorously pursue the interests of the class by virtue of its experience with Genuine Title, as well as the specific damages they incurred as result of the Kickback Scheme.

## CLAIMS OF INDIVIDUAL PLAINTIFFS

18. Plaintiffs incorporate the above stated paragraphs as if restated herein.

19. On or about October 22, 2010, Plaintiffs obtained a residential mortgage loan from Eagle National Bank of 3 Dickenson Drive, Suite 200, Chaddis Ford, PA, 19317 (hereinafter "Eagle National").

20. During the settlement process for the aforementioned loan, Genuine Title performed certain settlement services, including performing a title search and procuring title insurance, and payment for these services was provided by Plaintiffs.

21. Plaintiffs believe and therefore aver that, prior to its providing of real estate settlement services to Plaintiffs and Class members, Genuine Title entered into an agreement with CAM marketing (hereinafter "CAM").

22. Plaintiffs believe and therefore aver that Genuine Title paid CAM to produce marketing materials for free or at a drastically-reduced rate (collectively "Free Marketing Materials") for various loan officers who were part of the mortgage lending process.

23. Plaintiffs believe and therefore aver that, in return for the Free Marketing Materials, the aforementioned loan officers would refer individuals, including Plaintiffs and Class members, to Genuine Title, which would then provide real estate settlement services.

24. Plaintiffs believe and therefore aver that on many occasions Genuine Title would actually pay cash directly to loan officers in return for referrals.

25. Plaintiffs believe and therefore aver that Genuine Title artificially inflated the settlement charges paid by Plaintiffs to cover the cost of the Kickback Scheme.

26. Genuine Title did not disclose to Plaintiffs the purpose for the inflated settlement charges, nor did it disclose its relationship with CAM or others involved in the Kickback Scheme.

27. No service or thing of value was provided in exchange for the inflated settlement charges, other than as a kickback for the referral of business to Genuine Title.

## COUNT I
## Violation of the Real Estate Settlement Procedures Act (RESPA) and MD Code, Real Property § 14-127

28. Plaintiffs incorporate the above stated paragraphs as if restated herein.

4

36. Genuine Title's misrepresentations constituted unfair and/or deceptive trade practices as defined by MD Code, Commercial Law § 13-301.

37. But for Genuine Title's Kickback Scheme, the costs paid by Plaintiffs and Class members to Genuine Title for settlement services would have been much lower.

38. Genuine Title's unfair and/or deceptive trade practices were a direct and proximate cause of the damages sought by Plaintiffs and Class members.

WHEREFORE:

c. Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

d. Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

**COUNT III**

**Mortgage Fraud**

39. Plaintiffs incorporate the above stated paragraphs as if restated herein.

40. Genuine Title's willful and deliberate misrepresentations of costs associated with the settlement process and charged to Plaintiffs and Class members were made with the intent that the misrepresentations be relied upon by Plaintiffs and Class members.

41. Upon information and belief, Genuine Title's misrepresentations occurred during the mortgage lending process, as defined by MD Code, Real Property § 7-401.

WHEREFORE:

e. Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

f. Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

**COUNT IV**

**Fraud/Deceit**

42. Plaintiffs incorporate the above stated paragraphs as if restated herein.

43. Upon information and belief, Genuine Title made a false representation of a material fact by charging for and failing to disclose the nature of elevated fees which were used to further the Kickback Scheme.

44. Genuine Title willfully and deliberately misrepresented a material fact and knew of the falsity of the misrepresentation.

45. Genuine Title intended for Plaintiffs and Class members to rely on its misrepresentations.

46. Plaintiffs and Class members did so rely and suffered damages as a result.

WHEREFORE:

g. Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

h. Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

## COUNT V

### Constructive Fraud

47. Plaintiffs incorporate the above stated paragraphs as if restated herein.

48. Plaintiffs and Class members employed Genuine Title to provide real estate settlement services on their behalf.

49. Plaintiffs and Class members placed confidence and trust in Genuine Title to act in good faith and with due regard for their interests.

50. By virtue of this relationship, Genuine Title owed a fiduciary duty to Plaintiffs and Class members.

51. Genuine Title breached its fiduciary duty intentionally, with malice, and/or with reckless disregard for Plaintiffs and Class members' rights by failing to disclose the nature of settlement fees, failing to provide information to Plaintiffs and Class members regarding any business affiliations and/or failing to provide something of value in exchange for inflated settlement fees.

29. Genuine Title paid kickbacks to CAM, loan officers, and other individuals for referrals of business as part of real estate settlement services provided to Plaintiffs and Class members, in violation of 12 U.S.C. 2607(a) and MD Code, Real Property § 14-127.

30. All loans referred to Genuine Title as part of the Kickback Scheme were secured by first or subordinate liens on residential real property and were made in whole or in part by a lender whose deposits or accounts are insured by the Federal Government and/or who is regulated by an agency of the Federal Government.

31. The kickbacks paid by Genuine Title were made solely for the purpose of receiving referrals, and no other service was actually performed in connection with these payments.

32. Genuine Title's relationships with CAM, the loan officers, and other individuals involved in the Kickback Scheme do not qualify as affiliated business arrangements, as defined by 12 U.S.C. § 2602.

33. Even if any or all of Genuine Title's relationships were considered an affiliated business arrangement, no disclosure of such an arrangement was made to Plaintiffs or Class members, as required by 12 U.S.C. 2607(c).

WHEREFORE:

a. Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

b. Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

## COUNT II

### Violation of the Maryland Consumer Protection Act (MDCPA)

34. Plaintiffs incorporate the above stated paragraphs as if restated herein.

35. Genuine Title willfully and deliberately misrepresented costs associated with the settlement process and charged to Plaintiffs and Class members, which were later used to further the Kickback Scheme.

52. As a result of the breach of Genuine Title's fiduciary duty, Plaintiffs and Class members suffered damages.

WHEREFORE:

i.   Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

j.   Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

## COUNT VI

### Civil Conspiracy

53. Plaintiffs incorporate the above stated paragraphs as if restated herein.

54. Upon information and belief that Genuine Title made its agreements with CAM, the loan officers and the financial institutions for whom they worked and other individuals in order to accomplish an unlawful or tortious act, including but not limited to the allegations alleged herein.

55. Genuine Title's actions and/or means used to accomplish the unlawful or tortious acts alleged herein resulted in damage to Plaintiffs and Class members.

WHEREFORE:

k.   Class Plaintiffs respectfully demand this Court to certify this class action and set this matter for trial; and

l.   Demand judgment for Plaintiffs and members of this class against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, with interest, costs and such other and further relief as this Court deems proper.

Respectfully submitted,

Michael Paul Smith, Esq.
Natalie Mayo, Esq.
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
(410) 821-0070 / (410) 821-0071 (fax)
Email: nmayo@sgs-law.com
*Attorneys for Class Plaintiff*

## PRAYER FOR JURY TRIAL

The Plaintiffs hereby request a trial by jury on the foregoing complaint.

Michael Paul Smith, Esq.
Natalie Mayo, Esq.
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
(410) 821-0070 / (410) 821-0071 (fax)

9