IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD J. AND VICKI FANGMAN, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. RDB-14-0081 |
| | * | |
| GENUINE TITLE, LLC, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On February 25, 2016, Plaintiffs Edward J. and Vickie Fangman, *et al.*, filed a Statement Noting the Death of Plaintiff Barbara J. Boyd ("Decedent" or Boyd"), who died on July 24, 2015 (ECF No. 245). That same day, Plaintiffs filed the pending Motion to Substitute Proper Party (ECF No. 246), in accordance with Rule 25(a) of the Federal Rules of Civil Procedure. Plaintiffs seek to substitute Nathaniel[1] Risch, Esq., who was appointed as Personal Representative of the Estate of Barbara J. Boyd, as the proper party for the decedent. Mot. to Substitute at ¶ 3, ECF No. 246. Defendant Net Equity Financial, Inc. ("Net Equity") now opposes the pending Motion. *See* Def.'s Opp'n, ECF No. 252. However, for the reasons stated herein, Plaintiffs' Motion to Substitute Proper Party (ECF No. 246) is GRANTED.

---

[1] In their briefs, the parties refer to Mr. Risch as "Nathanial," but the State of Maryland's "Letters of Administration of a Small Estate," appointing Mr. Risch as Personal Representative, spell Mr. Risch's name "Nathaniel." This Court adopts the spelling used on the State of Maryland's forms.

1

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides the following:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1).

Defendant Net Equity concedes that Plaintiffs' pending Motion "technically compl[ies] with" Rule 25(a)(1)'s filing requirements. Def.'s Opp'n, p. 3, ECF No. 252. Plaintiffs' counsel not only filed the pending Motion within 90 days of serving a Statement Noting Death, but filed it on the *same day* that they served the Statement. However, Net Equity objects to Plaintiffs' waiting seven months after Boyd's death to file the Statement Noting Death. This, they contend, "does not comply with the spirit of the requirement." *Id.*

Contrary to Net Equity's representations, timeliness under Rule 25(a) is not measured from the date of a party's death. Plaintiffs correctly note that "[p]rior to 1973, Federal Rule 25(a)(1) set forth a precise time period in which the motion for substitution had to be made; the time was measured from date of death." *Roberts v. Rowe*, 89 F.R.D. 398, 400 (S.D.W. Va. 1981). However, "[t]he Rule was amended in 1973 to provide that the measure of time was to be from the date the death is suggested, as opposed to the time of death." *Id.* Although Boyd died on July 24, 2015, Plaintiffs' counsel were not made aware of her death at that time. The parties spent much of the summer of 2015 briefing and arguing a series of motions to dismiss and setting a scheduling order, tasks that did not require Boyd's active involvement. Plaintiffs' counsel did contact Boyd as soon as Defendants served discovery and, on February 17, 2016, "after knocking on her front door after phone messages went unanswered," they learned of her death. Pls.' Reply, p. 2, ECF No. 256. Plaintiffs' counsel

2

have represented that there was no other way they could have learned of Boyd's death prior to that time. Ms. Boyd had no will, and her estate was not probated until February 18, 2016. Just seven days after learning of Boyd's death, Plaintiffs' counsel filed a Statement with this Court noting Boyd's death. Accordingly, Defendant Net Equity's objection to the timeliness of Plaintiffs' Motion is rejected.

Net Equity further argues that "Plaintiffs have not demonstrated that Mr. Risch has the capacity and authority to act on behalf of Ms. Boyd's estate." Def.'s Opp'n, p. 3, ECF No. 252. Net Equity objects that no Letters of Administration have been introduced. *Id.* at 4. However, Plaintiffs have since filed the State of Maryland's "Letters of Administration of a Small Estate," which confirm Mr. Risch's appointment as Personal Representative of Boyd's estate. *See* Pls.' Ex. 1, ECF No. 256-1. This document was not submitted with the pending Motion because it was not entered by the Circuit Court of Baltimore City, Maryland until March 2, 2016. Accordingly, Net Equity's second argument fails.

Additionally, Net Equity contends that "Mr. Risch, in his capacity as the personal representative of Ms. Boyd's estate, is not a suitable named Plaintiff to prosecute this putative class action." Def.'s Opp'n, p. 4, ECF No. 252. However, MD. CODE ANN., EST. & TRUSTS § 7-401(y)(1) provides that "[a] personal representative may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted . . . ." Net Equity cites a litany of cases holding that, *inter alia*, neither an executor of an estate nor a bankruptcy trustee are qualified to serve as a class representative. *See, e.g., First Interstate Bank of Nevada, N.A. v. Chapman &*

*Cutler*, 837 F.2d 775 (7th Cir. 1988); *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003). However, as explained *supra*, Mr. Risch is not simply the executor of Ms. Boyd's estate or a bankruptcy trustee, but a "Personal Representative" with a distinct set of statutorily-recognized privileges, including prosecuting claims commenced by the deceased. Furthermore, none of the cases cited by Net Equity directly involve Rule 25(a) motions to substitute, but rather concern motions for class certification. The issue of class certification is not yet before this Court. Plaintiffs' qualifications as class representatives will be addressed in Plaintiffs' forthcoming Motion for Class Certification, in accordance with the Scheduling Order. Accordingly, Net Equity's third argument fails.[2]

Finally, Net Equity objects that "allowing the personal representative to be substituted as a named Plaintiff prejudices Net Equity's ability to defend against the claims." Def.'s Opp'n, p. 7, ECF No. 252. Because "Mr. Risch was not involved in the underlying loan transaction, did not interact with Net Equity in any respect, and was not involved in Ms. Boyd's alleged discovery of her claim," Net Equity argues that "granting Plaintiffs' Motion will prejudice Net Equity's ability to test the merits of Ms. Boyd's claim and challenge the application of equitable tolling to her otherwise time-barred cause of action." *Id.* at 8. Net Equity cites only one case in support of its argument, a 1990 decision of the United States District Court for the District of Massachusetts, holding that the executrix of an estate was an inadequate class representative. *See Gorsey v. I.M. Simon & Co.*, No. 86-1875-Z, 1990 U.S. Dist. LEXIS 10112, at *4-5 (D. Mass. Aug. 1, 1990). However, the class in that

---

[2] Additionally, Net Equity contends that, if Mr. Risch is substituted, his compensation for his participation in this case will diminish the value of Ms. Boyd's claim. Def.'s Opp'n, p. 7, ECF No. 252. However, Plaintiffs' counsel have represented that "Mr. Risch's involvement in the case, as personal representative, will be minimal. While he will be required to participate in discovery, he will otherwise not be substantively engaged in the litigation." Pls.' Reply, p. 5, ECF No. 256. Additionally, "Mr. Risch is paid on a flat-fee basis." *Id.* Accordingly, Net Equity's argument fails.

case had already been certified.  Additionally, the executrix sought to be substituted as the "sole class representative."  The Court denied her motion, citing its concerns that she could not satisfy the adequacy and typicality requirement of Rule 23(a) of the Federal Rules of Civil Procedure.  In this case, as stated *supra*, Plaintiffs have not yet moved to certify the putative class.  Plaintiffs correctly point out that Defendants have ample time to propound discovery on the substituted party in regards to the claims raised in this action.  Under the Scheduling Order in this case, the pre-certification discovery deadline is not until August 15, 2016.  Furthermore, it is the Plaintiffs' prerogative at this pre-certification stage to determine who is an appropriate class representative.  This Court will consider the issue of representativeness at a later time, upon Plaintiffs' motion to certify the class.  *See, e.g., Castle v. Capital One, N.A.*, No. WMN-13-1830, 2014 WL 176790, at *1 (D. Md. Jan. 15, 2014), aff'd sub nom. *Castle v. Capital One, Nat. Ass'n*, 593 F. App'x 223 (4th Cir. 2015) (granting Rule 25(a) Motion to Substitute Personal Representative of Plaintiff's estate in putative class action, but making no determination regarding the suitability of Personal Representative as class representative.)  Net Equity offers no further reason why the pending Motion to Substitute should be denied.  Therefore, Net Equity's final argument fails.  Accordingly, Plaintiffs' Motion to Substitute Proper Party (ECF No. 246) is GRANTED.

## **CONCLUSION**

For the reasons stated above, it is this 29th day of April, 2016, ORDERED that:

1. Plaintiffs' Motion to Substitute Proper Party (ECF No. 246) is GRANTED;

2. Nathaniel Risch, Esq., Personal Representative of the Estate of Barbara J. Boyd, shall be substituted as the proper party for Barbara J. Boyd, decedent; and

3. The Clerk of this Court transmit a copy of this Memorandum Order to Counsel.

                                                                                       /s/
                                              Richard D. Bennett
                                              United States District Judge