IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD J. AND VICKI FANGMAN, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. RDB-14-0081 |
| | * | |
| GENUINE TITLE, LLC, *et al.* | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

Plaintiffs' Second Amended Complaint, the operative complaint in this putative class action, alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b), and MD. CODE ANN., REAL PROP. § 14-127 ("Section 14-127")(Count I)[1] by Defendants Genuine Title, LLC ("Genuine Title")[2]; Brandon Glickstein, Inc.; Dog Days Marketing, LLC ("Dog Days Marketing"); Competitive Advantage Media Group, LLC ("Competitive Advantage") (collectively "Genuine Defendants"); Wells Fargo Home Mortgage, Inc. and Wells Fargo, N.A. ("Wells Fargo")[3]; West Town Bank & Trust ("West Town"); PNC Mortgage and PNC Bank, N.A. ("PNC"); MetLife Home Loans, LLC and MetLife Bank, N.A. ("MetLife"); Net Equity Financial ("Net Equity"); E Mortgage

---

[1] The Second Amended Complaint, as written, also alleges violations of the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW § 13-301, (Count II). However, this Court has since dismissed Plaintiffs' MCPA claims. *See Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2015 WL 8315704, at \*11 (D. Md. Dec. 9, 2015).

[2] Defendant Genuine Title has ceased conducting business and is not represented in this matter. Plaintiffs allege that Jay Zuckerberg was the owner of Genuine Title, and he is listed as an interested party.

[3] Via Order dated February 29, 2016 (ECF No. 251), this Court granted preliminary approval to a settlement of all claims asserted against Wells Fargo.

1

Management ("E Mortgage"); and JP Morgan Chase Bank ("Chase")[4] (collectively "Defendant Lenders").[5]  Additionally, Plaintiffs allege violations of Section 14-127 alone against Defendant Eagle National Bank ("Eagle National").[6]

Subsequently, Defendants West Town, Net Equity, Wells Fargo, PNC, Eagle National, MetLife, Competitive Advantage, Dog Days Marketing, Chase, and E Mortgage Management have filed motions to dismiss Plaintiffs' claims under MD. CODE ANN., REAL PROP. § 14-127, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 161, 162, 163, 165, 167, 168, 169, 170, and 203).

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged

---

[4] The parties have filed a Joint Motion to Preliminarily Approve Settlement of All Claims Asserted Against Chase (ECF No. 277).

[5] Maverick Funding Corp. and Bank of America, N.A. were also named as Defendants, but were dismissed from this case by separate Orders of this Court dated February 18, 2015 (ECF No. 111) and October 1, 2015 (ECF No. 191).  All claims against Emery Federal Credit Union ("Emery"), another named Defendant, were transferred to the Cincinnati Division of the United States District Court for the Southern District of Ohio by this Court's Amended Order of December 9, 2015 (ECF No. 214).

[6] Plaintiffs and Eagle National agreed at this Court's November 24, 2015 hearing that Plaintiffs' RESPA claims against Eagle National are time-barred.  *Fangman*, 2015 WL 8315704 at 6.

with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

MD. CODE. ANN., REAL PROP. § 14-127 provides that "[a] person who has a connection with the settlement of real estate transactions involving land in the State may not pay to or receive from another any consideration to solicit, obtain, retain, or arrange real estate settlement business." MD. CODE. ANN., REAL PROP. § 14-127(c)(1). "A person who violates [Section 14-127] is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 6 months or a fine not exceeding $1,000 or both." *Id.* at § 14-

127(e).  In this case, Plaintiffs allege that their "[l]enders by and through their agents and/or employees received Free Marketing Materials and/or Referring Cash for referrals of business as part of real estate settlement services provided to Plaintiffs and Class members, in violation of . . . [Section] 14-127."  Second Am. Compl. at ¶ 246, ECF No. 138.

Defendants have contended that Section 14-127 does not contain a private right of action under Maryland state real estate law.  *See, e.g.*, Mem. Supp. Eagle National Mot. to Dismiss, p. 18, ECF No. 167-1.  Plaintiffs cite no case concluding otherwise and admit that "[t]his is a case of first impression," but have argued that Section 14-127 implicitly provides a private right of action.  Opp'n Mot. to Dismiss, p. 41-42, ECF No. 180-1.  They have proposed that this Court consider three factors relied upon by the Court of Appeals of Maryland in determining whether a statute implies a private right of action: (1) the presence or absence of an indication of legislative intent to create a private remedy; (2) whether the plaintiff is one of the class for whose special benefit the statute was enacted; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff.  *Id.* (citing *Erie Ins. Co. v. Chops*, 332 Md. 79, 90-91 (1991) (citing *Cort v. Ash*, 422 U.S. 66 (1975))).  Based on these factors, they have contended, this Court should find an implied right of action in Section 14-127.

In a Memorandum Opinion dated December 9, 2015 (ECF No. 211), this Court considered the parties arguments, but did not decide on its own whether Section 14-127 implies a private right of action.  Rather, via a separate Certification Order, this Court certified the following question of law to the Court of Appeals of Maryland: "Does MD. CODE ANN., REAL PROP. § 14-127 imply a private right of action?"  Certification Order,

ECF No. 213.  Accordingly, this Court stayed all pending motions to dismiss with respect to Plaintiffs' Section 14-127 claims, pending a response from the Court of Appeals of Maryland.  *See* Amended Order (ECF No. 214).

On May 20, 2016, the Court of Appeals of Maryland responded to this Court's certified question.  The Court "answer[ed] the certified question of law 'no' and [held] that [Section] 14-127 does not contain an express or implied private right of action as neither [Section] 14-127's plain language, legislative history, nor legislative purpose demonstrates any intent on the General Assembly's part to create a private right of action." *Fangman, et al. v. Genuine Title, et al.*, Misc. No. 19, at * 1 (Md. May 20, 2016).  "From [Section] 14-127's plain language and legislative history," the Court reasoned, "we have no difficulty in concluding that [Section] 14-127's purpose was criminal in nature, and not to create an implied private right of action on behalf of a specified protected class of individuals." *Id.* at 34.

Because MD. CODE ANN., REAL PROP. § 14-127 does not contain a private right of action, Plaintiffs cannot state a claim for relief under Section 14-127 in this putative class action.  *See, e.g., Jacobsen v. Towers Perrin Forster & Crosby, Inc.*, No. RDB 05-2983, 2006 WL 3147732, at *3 (D. Md. Oct. 31, 2006) (granting Defendant's Rule 12(b)(6) Motion to Dismiss action under Article 49B of the Maryland Code, where it was conceded that the statute did not give rise to a private right of action); *Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 475, 478 (D. Md. 2002) (granting Defendants' Rule 12(b)(6) Motion to Dismiss mail and wire fraud claims where courts in this circuit had expressly held that " '[n]o private right of action exists for 'mail fraud,' or for wire fraud.' ").

Therefore, all motions to dismiss the Second Amended Complaint, previously stayed by this Court as to Plaintiffs' Section 14-127 claims (ECF Nos. 161, 162, 163, 165, 167, 168, 169, 170, and 203) are now GRANTED IN PART, with respect to Plaintiffs' Section 14-127 claims. Accordingly, all of Plaintiffs' state law claims under MD. CODE ANN., REAL PROP. § 14-127 are DISMISSED. Because Plaintiffs' Section 14-127 claim against Defendant Eagle National Bank was the only remaining claim against that Defendant, Eagle National Bank's Motion to Dismiss the Second Amended Complaint (ECF No. 167) is now GRANTED in its totality. All claims against Eagle National Bank are now DISMISSED. Accordingly, this action survives only with respect to Plaintiffs' federal claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607(a), (b), against Defendants Genuine Title, Brandon Glickstein, Inc.; Dog Days Marketing, Competitive Advantage, Wells Fargo, West Town, PNC, MetLife, Net Equity, E Mortgage Management, and Chase.

## CONCLUSION

For the reasons stated above, it is this 27th day of May, 2016, ORDERED that:

1. West Town Bank & Trust's Motion to Dismiss the Second Amended Complaint (ECF No. 161) is GRANTED IN PART;

2. Net Equity Financial's Motion to Dismiss the Second Amended Complaint (ECF No. 162) is GRANTED IN PART;

3. Wells Fargo Home Mortgage and Wells Fargo Bank, N.A.'s Motion to Dismiss the Second Amended Complaint (ECF No. 163) is GRANTED IN PART;

4. PNC Bank, N.A. and PNC Mortgage's Motion to Dismiss the Second Amended Complaint (ECF No. 165) is GRANTED IN PART;

5. Eagle National Bank's Motion to Dismiss the Second Amended Complaint (ECF No. 167) is GRANTED;

6. MetLife Bank, N.A. and MetLife Home Loans, LLC's Motion to Dismiss the Second Amended Complaint (ECF No. 168) is GRANTED IN PART;

7. Competitive Advantage Media Group, LLC and Dog Days Marketing, LLC's Motion to Dismiss the Second Amended Complaint (ECF No. 169) is GRANTED IN PART;

8. JPMorgan Chase Bank, N.A.'s Motion to Dismiss the Second Amended Complaint (ECF No. 170) is GRANTED IN PART;

9. E Mortgage Management's Motion to Dismiss the Second Amended Complaint (ECF No. 203) is GRANTED IN PART;

10. All claims against Defendant Eagle National Bank are DISMISSED; and

11. The Clerk of this Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge