IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD J. AND VICKI               *
FANGMAN, *et al.*,
                                  *
        Plaintiffs,
                                  *
        v.                                    Civil Action No.: RDB-14-0081
                                  *
GENUINE TITLE, LLC, *et al.*
                                  *
        Defendants.
                                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Plaintiffs' Second Amended Complaint (ECF No. 138), the operative complaint in this putative class action, alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b)[1], by a series of Defendants, including West Town Bank & Trust ("Defendant" or "West Town")[2]. The facts of this putative class action are set forth fully in this Court's Memorandum Opinions of December 9, 2015 and May 27, 2016. *See Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2015 WL 8315704 (D. Md. Dec. 9, 2015); *Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2016 WL 3027525 (D. Md. May 27, 2016).

---

[1] The Second Amended Complaint, as written, also alleges violations of MD. CODE ANN., REAL PROP. § 14-127 ("Section 14-127") (Count I) and the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW § 13-301, (Count II). However, this Court has since dismissed Plaintiffs' claims under the Maryland Real Property Code and the MCPA. *See Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2015 WL 8315704, at *11 (D. Md. Dec. 9, 2015); *Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2016 WL 3027525, at *3 (D. Md. May 27, 2016). Plaintiffs' RESPA claims in Count I of the Second Amended Complaint are now the only surviving claims in this action.
[2] As explained *infra*, the two motions pending before this Court concern only Defendant West Town.

On January 22, 2016, West Town[3] served a Request for Production of Documents (ECF No. 233-2)[4] on the Custodian of Records of Smith, Gildea & Schmidt, LLC ("SGS")[5]. Currently pending before this Court is Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233)[6,7]  The parties' submissions have been reviewed, and a hearing on the pending motions was held in this Court on June 15, 2016.  For the reasons stated on the record at this Court's June 15, 2016 hearing, and further explained herein, Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233) is GRANTED IN PART and DENIED IN PART.  Specifically, SGS's Motion for Protective Order (ECF No. 233) is GRANTED as to Defendant West Town's Document Request No. 2, but DENIED as to Document Request Nos. 1, 3, & 4.  Accordingly, the Custodian of Records of Smith, Gildea & Schmidt, LLC shall comply with Document Request Nos. 1, 3, & 4, but is not required to comply with Document Request No. 2[8].

---

[3] The request for documents was issued by Defendants West Town and Net Equity Financial ("Net Equity"). However, Net Equity has subsequently entered into a settlement agreement with the Plaintiffs, and counsel for Net Equity has requested that this Court consider the pending motions with respect to West Town alone.

[4] Although the document served on the Custodian of Records of SGS was styled as a subpoena *duces tecum* under Rule 45 of the Federal Rules of Civil Procedure, the parties have since stipulated that this Court treat it as a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure.

[5] Smith, Gildea and Schmidt, LLC ("SGS") is a law firm representing the Plaintiffs in this case.

[6] The pending motion was filed as a Motion to Quash the subpoena *duces tecum*.  However, given that the subject subpoena is now treated as a request for production of documents, the parties have agreed that the pending Motion to Quash be treated as a Motion for Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

[7] Also pending before this Court is Plaintiffs' Attorneys Michael Paul Smith and Sarah Zadrozny's Motion for Protective Order (ECF No. 234).  However, given that the subject request for production of documents is no longer treated as a subpoena on Plaintiffs' law firm but as a document request directed at the Custodian of Records, their Motion for Protective Order (ECF No. 234) is now MOOT.

[8] Additionally, for the reasons stated on the record at this Court's June 15, 2016 hearing, Plaintiffs' Motion for Order for Alternative Service of Subpoena on Capital Mailing Services, Inc. (ECF No. 295) has been GRANTED via separate Order (ECF No. 300).

BACKGROUND

Via Memorandum Opinion and Order, dated December 9, 2015, this Court held that Plaintiffs may be entitled to equitable tolling of their RESPA claims, and denied West Town's Motion to Dismiss Plaintiffs' RESPA claims as untimely. *See Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2015 WL 8315704, at *7 (D. Md. Dec. 9, 2015). However, this Court has yet to determine whether RESPA's one-year statute of limitations will in fact be tolled with respect to Plaintiffs' individual RESPA claims. Accordingly, West Town now seeks "documents relating to the communications between and among SGS . . . and [P]laintiffs (prior to the establishment of an attorney-client relationship) and the members of the putative class . . . concerning the subject matter of the litigation" in support of their "limitations defense." Defs.' Opp'n, p. 10, ECF No. 241.

Therefore, on January 22, 2016, Defendant West Town served a Request for Production of Documents (ECF No. 233-2) on the Custodian of Records of Smith, Gildea & Schmidt, LLC, requesting the following four categories of documents:

1. All correspondence (including electronic correspondence), postcards, advertising material, rack cards, direct mailings or other documents sent by you or on your behalf to any individual or group of individuals (who were not your clients at the time the document was sent) relating in any manner to the subject matter of this litigation or any allegation in the complaints filed in this litigation, including, but not limited to, any correspondence sent by you to encourage or otherwise solicit participation in this litigation either as a plaintiff, potential class representative, or potential class member.

2. All responses received by you to the correspondence (including electronic correspondence), postcards, advertising material, rack cards, direct mailings or other documents produced in response to Request No. 1.

3.    All spreadsheets, databases, or other documents containing the name, contact information, and other identifying information of the individuals who were sent the correspondence (including electronic correspondence), postcards, advertising material, rack cards, direct mailings or other documents produced in response to Request No. 1, and the date or dates on which those documents were sent.

4.    Exemplars of any and all envelopes used to mail, send or otherwise deliver the correspondence (including electronic correspondence), postcards, advertising material, rack cards, direct mailings or other documents produced in response to Request No. 1.

*See* Request for Production of Documents: Document Schedule, Pls.' Ex. 2, p. 3-4, ECF No. 233-2.  The request defines the terms "you" and "your" to mean "[SGS], its employees, agents, representatives, servants, attorneys, and any other individuals or entity acting on its behalf."  *Id.* at p. 3.

<u>ANALYSIS[9]</u>

## I.    <u>Document Request No. 1: Solicitation Materials</u>

Plaintiffs' counsel object that solicitation materials sent by SGS to potential Plaintiffs or class members are evidently prepared in anticipation of litigation and are, therefore, shielded from discovery by the work-product doctrine.  Motion, p. 11, ECF No. 233.

---

[9] Plaintiffs' counsel earlier contended that the "*Shelton* Rule" should govern this Court's analysis.  Mot. to Quash, p. 6, ECF No. 233.  The United States Court of Appeals for the Eighth Circuit announced the following rule in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986):

We do not hold that opposing trial counsel is absolutely immune from being deposed.  We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition.  But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel []; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  *Shelton*, 805 F.2d at 1327.

However, as explained on the record at this Court's June 15, 2016 hearing, the "*Shelton* Rule" is not implicated here because no depositions are sought from Plaintiffs' counsel and the subject subpoena on Plaintiffs' law firm has been subsequently restyled as a request for production of documents only.

However, West Town has cited several decisions of this Court holding that solicitation materials sent to potential Plaintiffs and class members in a putative class action are discoverable. *See, e.g., Petry v. Prosperity Mortgage Co.*, No. WMN-08-1642 (Gauvey, J.) (D. Md. Aug. 13, 2010) (ECF No. 157) (determining that "solicitation letters are not privileged because an attorney-client relationship had not yet been established."); *Marshall v. James B. Nutter & Co.*, No. RDB-l0-3596 (D. Md. Nov. 26, 2012) (ECF No. 76) (ordering that "[d]ocuments reflecting communications and solicitation letters sent to potential class members" should be produced in discovery because they are "relevant to class certification and not privileged.").

While Plaintiffs' counsel object that these cases dealt with the attorney-client privilege as opposed to the work-product doctrine, they have failed to cite a single case holding that solicitation materials are shielded from discovery by the work-product doctrine. On the contrary, the United States District Court for the Northern District of Iowa reached the opposite conclusion in *E.E.O.C. v. CRST Van Expedited, Inc.*, No. C07-0095, 2009 WL 136025 (N.D. Iowa Jan. 20, 2009):

> While the solicitation letters were sent in anticipation of litigation, they do not contain counsel's "mental impressions" or legal theories. That is, the letters appear to be "ordinary work product," rather than "opinion work product [citing *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000)]. Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A), ordinary work product is discoverable if "the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." *Id.* The Court believes that representations made to prospective class members in order to induce their participation in the lawsuit is relevant to the issue of their credibility. CRST has a substantial need for the information but cannot, without undue hardship, obtain the information by other means. A CRST attorney attempted to question Virginia Mason regarding the subject at her deposition, but the witness was instructed not to answer by an EEOC attorney. To require CRST to redepose each of

the 150+ class members on this subject would create an undue hardship for all parties. Accordingly, the Court concludes that the solicitation letters sent by EEOC to prospective class members or oral representations made to prospective class members, prior to the establishment of an attorney-client relationship, are discoverable pursuant to Federal Rule of Civil Procedure 26(b)(3)(A).  *CRST Van Expedited, Inc.*, 2009 WL 136025 at *4.

For these reasons, and for the reasons stated on the record at this Court's June 15, 2016 hearing, the materials sought in West Town's first document request are discoverable. Accordingly, Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233) is DENIED as to Document Request No. 1.  The Custodian of Records of Smith, Gildea & Schmidt, LLC shall comply with Document Request No. 1.[10]

## II.    Document Request No. 2: Responses to Solicitation Materials

Plaintiffs' counsel contend that West Town's request for " 'responses' to communications that originated from SGS attorneys will necessarily sweep within its ambit communications from  potential clients seeking legal advice from SGS attorneys related to claims against Defendants . . . ."  Motion, p. 12, ECF No. 233.  They contend that the contents of these communications are protected by the attorney-client privilege.  *Id.*  The United States Court of Appeals for the Fourth Circuit has held that "statements made while intending to employ a lawyer are privileged even though the lawyer is not employed."  *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. Va. 1991) (citing *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir.1988)).   Additionally, the *CRST Van Expedited* case

---

[10] At this Court's hearing on June 15, 2016, Plaintiffs' counsel expressed concern that allowing Defendants to discover the solicitation materials in this case would prompt them to later question Plaintiffs' counsel on their reasons for making certain representations in those solicitation materials.  However, this Court ruled on the record that West Town will not be permitted to depose Plaintiffs' counsel as to why, or on what basis, they made certain representations in these solicitation materials.

supporting West Town's position on solicitation letters actually supports Plaintiffs' counsel's position as to the responses to those solicitations. The court in *CRST Van Expedited* concluded that "an attorney-client relationship *is not established until* the employee either asks the EEOC for advice (for example by *responding to the initial solicitation letter*) or agrees to become a member of the class. *CRST Van Expedited, Inc.*, 2009 WL 136025 at *4 (emphasis added). The *CRST Van Expedited* case suggests that responding to a solicitation letter does implicate the attorney-privilege.

West Town contends that the responses are analogous to returned questionnaires, which courts have held are discoverable. *See, e.g., Morisky v. Pub. Serv. Elec. & Gas Co.*, 191 F.R.D. 419 (D.N.J. 2000); *Searcy v. eFunds Corp.*, No. 08-c-985, 2009 WL 562596, at *4 (N.D. Ill. March 5, 2009); *Hudson v. General Dynamics Corporation*, 186 F.R.D. 271, 276-77 (D. Conn. February 16, 1999). However, the questionnaires in those cases are readily distinguishable from the solicitation materials in this case. *See, e.g., Morisky*, 191 F.R.D. at 423-24 (Questionnaires were distributed in a public place, where any person could fill one out, the names of the people given the questionnaire were unknown, and some people found the questionnaires sitting on their desks in plain view – "hardly an indicia of a confidential communication."). Furthermore, the *Searcy* court noted at least two cases in direct opposition to West Town's position. *See Barton v. Smithkline Beecham*, 410 F.3d 1104 (9th Cir. 2005); *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 783051 (N.D. Ill. Jan. 16, 2004) (Questionnaires filled out by potential class members were held to be communications with counsel and therefore not discoverable).

For these reasons, and for the reasons stated on the record at this Court's June 15, 2016 hearing, the materials sought in West Town's second document request are shielded from discovery by the attorney-client privilege. Accordingly, Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233) is GRANTED as to Document Request No. 2. The Custodian of Records of Smith, Gildea & Schmidt, LLC is not required to comply with Document Request No. 2.

III.    Document Request No. 3: Spreadsheets, Databases, or Other Records

Plaintiffs' counsel argue that both SGS' and its attorneys' compilation of solicitation information in a spreadsheet or database is protected work product. *Id.* at p. 11-12. (citing *Paice, LLC v. Hyundai Motor Co.*, 302 F.R.D. 128, 134-35 (D. Md. 2014) (discussing recent cases finding databases and spreadsheets protected work product); *Sher v. Barclays Capital, Inc.*, 2013 U.S. Dist. LEXIS 89482 (D. Md. June 26, 2014)(same). However, the documents at issue in the *Paice* and *Sher* cases included "questions posed by defense counsel for the purpose of defending [the] litigation" and "technical" documents, synthesizing "highly complex" operations. *Paice*, 302 F.R.D. at 135. In contrast, West Town seeks only compilations of Plaintiffs' counsel's solicitation efforts. This Court has already held *supra* that those solicitation materials themselves are discoverable. Additionally, Plaintiffs' counsel have failed to cite any case holding that mere records of solicitation mailings are shielded from discovery by either attorney-client privilege or the attorney work-product doctrine.

For these reasons, and for the reasons stated on the record at this Court's June 15, 2016 hearing, the materials sought in West Town's third document request are discoverable. Accordingly, Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233)

is DENIED as to Document Request No. 3.  The Custodian of Records of Smith, Gildea &
Schmidt, LLC shall comply with Document Request No. 3.

IV.    Document Request No. 4: Exemplars of Envelopes

Plaintiffs' counsel have not objected to discovery of envelopes used in their
solicitation mailings.  However, they have expressed concern that these envelopes may not
be available because they used an electronic mailing system to distribute the solicitations.  As
this Court stated on the record at the June 15, 2016 hearing, the envelopes that West Town
seeks in its fourth document request are clearly relevant and discoverable.  Accordingly,
Smith, Gildea and Schmidt, LLC's Motion for Protective Order (ECF No. 233) is DENIED
as to Document Request No. 4.  The Custodian of Records of Smith, Gildea & Schmidt,
LLC shall comply with Document Request No. 4.  Furthermore, if the materials sought in
Document Request No. 4 are not available from the Custodian of Records of SGS, but from
a "mail house" employed by Plaintiffs' counsel, Plaintiffs' counsel shall supply West Town
with the name of that mail house.

CONCLUSION

For the reasons stated above, and as stated on the record at this Court's June 15,
2016 hearing, it is this 17th day of June, 2016, ORDERED that:

1.  Smith, Gildea and Schmidt, LLC's Motion for Protective Order, filed as a Motion to
    Quash (ECF No. 233), is GRANTED IN PART and DENIED IN PART.
    Specifically, SGS's Motion for Protective Order (ECF No. 233) is GRANTED as to
    Document Request No. 2, but DENIED as to Document Request Nos. 1, 3, & 4.
    The Custodian of Records of Smith, Gildea & Schmidt, LLC shall comply with

Document Request Nos. 1, 3, & 4, but is not required to comply with Document Request No. 2;

2. Attorneys Michael Paul Smith and Sarah Zadrozny's Motion for Protective Order (ECF No. 234) is MOOT; and

3. The Clerk of this Court transmit copies of this Memorandum Order to Counsel.


_____/s/_____
Richard D. Bennett
United States District Judge