IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD J. AND VICKI        *
FANGMAN, *et al.*,

                             *

       Plaintiffs,

                             *

       v.                          Civil Action No. RDB-14-0081

                             *

GENUINE TITLE, LLC, *et al.*     

                             *

       Defendants.

                             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM ORDER</u>

On December 16, 2016, this Court conducted a Final Fairness Hearing on the Proposed Class Action Settlement (ECF No. 277-2) ("Settlement Agreement") of all claims asserted in this action against Defendant JPMorgan Chase Bank, N.A. ("Chase").  Via Order dated that same day (ECF No. 421), this Court granted final approval of the Settlement Agreement, dismissed all claims against Chase, and approved the parties' requested service awards for Class Representatives Carol Shaw and Patricia Marshall in the amount of $3,500 each, including their settlement benefits[1].  *See* Order, ¶¶ 8, 9, 13, ECF No. 421.  Final Judgement has been entered in this case against Chase in "an amount[2] necessary to fund Settlement Benefits payable to [Chase] Class Members, in accordance with the Settlement Agreement," discussed *infra*. *Id.* at ¶¶ 11, 15.  Still pending before this Court is Settlement

---

[1] Pursuant to this Court's Order, Class Representatives Carol Shaw and Patricia Marshall shall each receive $3,500, including their settlement benefits, for a total award of $7,000.  Pursuant to Paragraph 11 of the Settlement Agreement, the difference between these service awards and their settlement benefits shall come out of the funds awarded to Settlement Counsel.  *See also* Mot. for Service Awards, p. 2, ECF No. 356.

[2] Settlement Counsel have subsequently indicated to this Court that the value of the Chase Common Fund is <u>$328,558.08</u>.  *See* Correspondence, p. 1, ECF No. 422.

Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 356).   The parties' submissions have been reviewed, and no additional hearing on the issue of attorneys' fees and expenses is necessary.  *See* Local Rule 105.6 (D. Md. 2016).   For the reasons stated herein, the pending Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 356) is GRANTED in the requested amount of **$82,139.52**, an award equal to 25% of the Chase Settlement Common Fund.[3]

## BACKGROUND

In January of 2014, Plaintiffs Edward J. and Vicki Fangman brought this class action against Defendant Genuine Title, LLC alleging, *inter alia*, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b)[4].  *See* Compl., ECF No. 2. JPMorgan Chase Bank, N.A. ("Chase") was named as a Defendant in the Second Amended Complaint (ECF No. 138).   An additional thirteen home mortgage lenders have also been named as Defendants (collectively "Lender Defendants") via the First and Second Amended Complaints in this action.   Attorneys Michael Paul Smith, Sarah Zadrozny, Timothy J. Maloney, and Veronica Nannis of the law firms of Smith, Gildea & Schmidt, LLC ("SGS")

---

[3] Via Memorandum Order dated November 18, 2016 (ECF No. 411), this Court awarded Wells Fargo Settlement Counsel attorneys' fees and expenses in the amount of 15% of the Wells Fargo Settlement Common Fund.   For the reasons discussed in that Memorandum Order, a higher percentage of recovery award would have been unreasonable, including Settlement Counsels' requested 20% award.   The Common Fund in the Wells Fargo settlement was valued at $15,572,416.11, meaning that Settlement Counsels' 15% award totaled $2,335,862.42.   A lodestar cross-check confirmed that the 15% award was appropriate.   As discussed *infra*, Chase Settlement Counsels' requested award of 25% of the Chase Settlement Common Fund is a reasonable award in the context of the Chase Settlement.   A lodestar cross-check confirms that this is a reasonable award.   The lodestar multiplier for this award is only 2.35, well within the range of reasonable multipliers previously established by this Court.   *See, e.g., Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) ("Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee.").

[4] Additionally, Plaintiffs alleged violations of Md. Code Ann., Real Prop. § 14-127 ("Section 14-127") and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301.   Those claims were subsequently dismissed by this Court.   *See* Orders, ECF Nos. 214, 281.

and Joseph, Greenwald & Laake, P.A. ("JGL") (hereinafter "Settlement Counsel") have represented all Plaintiffs, including the Chase Plaintiffs, throughout this litigation.

In prosecuting this case, Settlement Counsel have incurred significant expense and have undergone significant investigation.  For example, in July of 2013, Plaintiffs filed a Petition for Emergency Appointment of a Receiver for the purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland.  That court granted the petition on July 30, 2014, and Settlement Counsel were able to retrieve vast amounts of evidence from Genuine Title's records, including the identities of potential Chase Class Members.  Additionally, Settlement Counsel have subpoenaed records, documents, and testimony from a prior investigation into Chase's home mortgage lending practices conducted by the Consumer Financial Protection Bureau ("CFPB") and the State of Maryland.  *See Fangman, et al. v. Genuine Title, LLC, et al.*, No. RDB-14-0081, 2016 WL 560483, at *2 (D. Md. Feb. 12, 2016).  That investigation involved similar allegations to those raised by the Plaintiffs in this action.  In that case, Chase ultimately agreed to a Stipulated Final Judgment and Order (the "Consent Decree") with the CFPB and the State, pursuant to which Chase agreed to refund certain settlement charges to Chase borrowers.

Chase Filed a Motion to Dismiss the Second Amended Complaint on July 21, 2015 (ECF No. 170), to which Plaintiffs responded on September 4, 2015 (ECF No. 182).  However, the parties subsequently requested that this Court suspend consideration of Chase's Motion to Dismiss, pending settlement discussions (ECF No. 206).  The parties filed a Joint Motion to Preliminarily Approve Settlement on May 16, 2016 (ECF No. 277),

attaching the Settlement Agreement as Exhibit A (ECF No. 277-2).  This Court held a Preliminary Fairness Hearing on June 1, 2016 and granted the parties' Joint Motion via Order dated that same date (ECF No. 286).  This Court's Order designated Michael Paul Smith, Sarah Zadrozny, Timothy J. Maloney, and Veronica Nannis of the law firms of Smith, Gildea & Schmidt, LLC ("SGS") and Joseph, Greenwald & Laake, P.A. ("JGL") as Settlement Counsel.

The Settlement Agreement provides for the payment of the following benefits to the Chase Class Members: "an amount equal to 120% the Section 1100 Charges that were paid to [Genuine Title] (excluding Line 1108 title underwriter's fees) as reflected on the member's final HUD-1 Settlement Statement for the member's Chase loan."  Settlement Agreement, ¶ 6.1, ECF No. 277-2.  The settlement benefits are to be deposited into a Common Fund, which Settlement Counsel has subsequently indicated will reach a total value of **$328,558.08**. *See* Correspondence, p. 1, ECF No. 422.

With respect to attorneys' fees and expenses, the Settlement Agreement provides that Chase will pay attorneys' fees and expenses "in addition to, not out of the Common Fund." Settlement Agreement, ¶ 12, ECF No. 277-2.  The Settlement Agreement provides that Settlement Counsel shall limit the amount of their requested attorneys' fees and expenses to an amount equal to 25% of the Common Fund.  *Id.*  The Agreement further provides that Chase reserves the right to oppose any petition for attorneys' fees and expenses that seeks *more than* an aggregate award equal to 20% of the Common Fund.  *Id.*

Under the terms of the Settlement Agreement, a notice plan was completed pursuant to which all members of the Chase Class were informed of the Settlement Agreement's

terms, including the provisions for payment of attorneys' fees and expenses. *See Id.* at ¶ 10. No objections to the terms of the Settlement Agreement or requests for exclusion from the settlement have been filed. On November 4, 2016, this Court conducted a Final Fairness Hearing on the proposed settlement and granted final approval of the Settlement Agreement that same day.

<u>ANALYSIS</u>

Settlement Counsel have requested an award of attorneys' fees and expenses in the amount of 25% of the Common Fund, or $82,139.52. Mot. for Attorneys' Fees, p. 2, ECF No. 356; Correspondence, p. 1, ECF No. 422. Pursuant to the terms of the Settlement Agreement, $3,892.43 of that award will be paid to the Class Representatives—the difference between their settlement benefits and $3,500 service awards previously awarded by this Court. *See* Settlement Agreement, ¶ 11, ECF No. 277-2; Correspondence, p. 1, ECF No. 422. An additional $1,025.84 of that award will cover Settlement Counsels' expenses. Correspondence, p. 1, ECF No. 422. Accordingly, Settlement Counsel request a total of $77,221.25 in attorneys' fees alone. *Id.* Although Chase reserved the right to object to any request for attorneys' fees and expenses in excess of 20% of the Common Fund, Chase has filed a Notice of Non-Opposition to Settlement Counsels' pending motion (ECF No. 366).

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally, the Real Estate Settlement Procedures Act ("RESPA") provides that "[i]n any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of

the action together with reasonable attorneys fees."  12 U.S.C. § 2607(d)(5).  As this Court has previously noted, "[t]here are two primary methods of calculating attorneys' fees: the lodestar method and the 'percentage of recovery' method."  *Whitaker v. Navy Fed. Credit Union*, No. RDB-09-2288, 2010 WL 3928616, at *4 (D. Md. Oct. 4, 2010).  "The lodestar method requires the multiplication of the number of hours worked by a reasonable hourly rate, the product of which this Court can then adjust by employing a 'multiplier.' "  *Id.* "The percentage of the recovery method involves an award based on a percentage of the class recovery, set by the weighing of a number of factors by the court."  *Id.*

For the reasons explained in this Court's prior Memorandum Opinion of November 18, 2016 (ECF No. 411), the "percentage of recovery" method shall be used to calculate Settlement Counsels' attorneys' fees and expenses in this case.  However, this Court will cross-check the "percentage of recovery" analysis with a lodestar analysis.  This Court has previously recognized that "using the percentage of fund method and supplementing it with the lodestar cross-check . . . take[s] advantage of the benefits of both methods."  *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 681 (D. Md. 2013) (quoting *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009)).

A.    "Percentage of Recovery" Analysis

Although the United States Court of Appeals for the Fourth Circuit "has not yet identified factors for district courts to apply when using the 'percentage of recovery' method, . . . District courts in this circuit have analyzed the following seven factors:"

> (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public

policy.  [citing, *e.g.*, *The Kay Company v. Equitable Production Co.*, 749 F. Supp. 2d 455, 464 (S.D. W. Va. 2010)].  Importantly, "fee award reasonableness factors 'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the     rest.' "  *In re AT & T Corp.*, 455 F.3d 160, 166 (3d Cir. 2006) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3rd Cir. 2005)).

*Singleton,* 976 F. Supp. 2d at 682.

a.     <u>Results Obtained for the Class</u>

" '[T]he most critical factor in calculating a reasonable fee award is the degree of success obtained.' "  *Id.* (quoting *McKnight v. Circuit City Stores, Inc.,* 14 F. App'x. 147, 149 (4th Cir. 2001)).  In this case, Settlement Counsel have secured a significant financial recovery for the members of the Chase Class.  As outlined *supra*, members of the Settlement Class will directly receive more than 100% of the settlement charges paid to Genuine Title on their loans, in addition to payments they have already received from Chase pursuant to its prior settlement with the Consumer Financial Protection Bureau ("CFPB").  Settlement Counsel have indicated that the Common Fund is valued at a total of $328,558.08.  *See* Correspondence, p. 1, ECF No. 422.  Additionally, class members' settlement benefits will not be reduced by court-awarded attorneys' fees and costs, Class Representatives' service awards, or by the costs of settlement administration or notice, which Chase has agreed to pay separately.  Furthermore, as this Court observed in *Singleton*, "[t]he fact that no objections have been filed further suggests that the result achieved is a desirable one." *Singleton*, 976 F. Supp. 2d at 683.

b.     <u>Quality, Skill, and Efficiency of the Attorneys Involved</u>

Settlement Counsel are experienced litigators who went to great lengths to prosecute this action and obtained a quick and substantial settlement for the Chase Class.  Lead

Counsel, Mr. Michael Paul Smith, "has represented plaintiffs for 24 years and has tried over 50 cases in state and federal courts," including numerous "complex civil cases in the areas of commercial litigation, fraud and banking/real estate issues."  Mem. Supp. Mot., p. 14, ECF No. 356-1.  Mr. Smith and the law firm of Smith, Gildea & Schmidt, LLC have significant experience preparing and trying complex civil cases, including *Mosaic Lounge v. BCR*, Case No.: 03-C-14-00449, in the Circuit Court for Baltimore County and *Possidente v. GBMC*, Case No. 03-C-10-003295, in the Circuit Court for Baltimore County.  *Id.* at 14-15.

The attorneys of Joseph, Greenwald & Laake, P.A. are also experienced plaintiffs' counsel.  Mr. Timothy Maloney "has represented plaintiffs for 30 years and has tried over 100 cases in state and federal courts."  *Id.* at 15.  Mr. Maloney "regularly tries complex civil cases in the areas of commercial litigation, fraud and constitutional violations" and has served as plaintiffs' counsel in several class action cases before this Court, including *Robert J. England, et al. v. Marriot International, Inc. et al.*, No. 8: 10-cv-01256-RWT, and *In re Michelin North America, Inc., PAX System Marketing & Sales Practice Litigation*, No. 08:08-md-01911-RWT.  *Id.* at 15-16.  Additionally, Ms. Veronica Nannis "has represented plaintiffs for 14 years and for the past 10 years has focused on complex fraud cases under the False Claims Act."  *Id.* at 15.

In order to identify potential Chase Plaintiffs and class members, Settlement Counsel went to great lengths to secure the records of the now-defunct Genuine Title, LLC.  In July of 2013, counsel filed a Petition for Emergency Appointment of a Receiver for the limited purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland. That court granted the petition on July

30, 2014. The Receiver immediately seized records that Plaintiffs have alleged were scheduled for destruction.  Subsequently, Settlement Counsel have completed additional pre-suit and settlement discovery and fully briefed a response to Chase's Motion to Dismiss.

The fact that the Chase Class obtained a quick settlement also speaks to Settlement Counsels' skill and efficiency.  Chase was named as a Defendant in the Second Amended Complaint in February of 2015, and this Court granted preliminary approval to the Chase Settlement just over a year later on June 1, 2016.  *See Singleton*, 976 F. Supp. 2d at 683 ("The fact that settlement was reached relatively quickly—short of two years from the filing of the complaint on July 1, 2011—further indicates the attorneys' skills and efficiency.").

c.  <u>Risk of Nonpayment</u>

" 'In determining the reasonableness of an attorneys' fee award, courts consider the relative risk involved in litigating the specific matter compared to the general risks incurred by attorneys taking on class actions on a contingency basis.' "  *Singleton*, 976 F. Supp. 2d at 683 (quoting *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 762 (S.D.W. Va. 2009)). "The risk undertaken by class counsel is evaluated by, among other things, the presence of government action preceding the suit, the ease of proving claims and damages, and, if the case resulted in settlement, the relative speed at which the case was settled."  *Id.*

Settlement Counsel correctly note that several courts have dismissed RESPA claims against Chase in recent years.  *See, e.g., Perez v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 24689 (D.N.J. Feb. 29, 2016) (Section 2607 claim); *Hernandez v. J.P. Morgan Chase Bank N.A.*, 2015 U.S. Dist. LEXIS 170076 (S.D. Fla. Dec. 21, 2015) (Section 2605 claim). The fact that Settlement Counsel were able to achieve such a substantial settlement for the

members of the Chase Class despite this looming uncertainty weighs in favor of granting their requested award.   The fact that a government investigation into Chase's lending practices preceded this lawsuit decreases the risk of nonpayment.   *See, e.g., In re Cardinal Health Inc. Sec. Litigations,* 528 F. Supp. 2d 752, 768–69 (S.D. Ohio 2007) (finding that lower fee was justified where "formal SEC investigation . . . paved the Class's path to recovery in this action.").   This Court has previously discussed this factor in calculating Settlement Counsels' attorneys' fees in the Wells Fargo settlement.   However, this factor is not dispositive.   As discussed *infra*, Settlement Counsels' requested award as to the Chase Settlement remains an appropriate award on the whole.

           d.     <u>Objections</u>

As discussed *supra*, Chase Class members were notified of the proposed Settlement Agreement, their expected recovery, and Settlement Counsels' request for attorneys' fees. Particularly, a paragraph was included in the Notice (ECF No. 343) providing as follows:

**8.**      **How will Class Counsel be paid?**

Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing, and will also ask the Court for an award of attorneys' fees, costs, and expenses up to a maximum of 25% of the Settlement Benefits. The Court will make the final decision as to the amounts to be paid to Class Counsel at or after the Final Fairness Hearing. The attorneys' fees and expenses will be paid separately by Chase and will not reduce the amount paid to the Settlement Class.

Notice, Ex. A, p. 5, ECF No. 343.  No objections were filed.  "The lack of objections tends to show that at least from the class members' perspective, the requested fee is reasonable for the services provided and the benefits achieved by class counsel." *Singleton*, 976 F. Supp. 2d

at 684 (D. Md. 2013).   "Nevertheless, the court must still determine the reasonableness of the requested fee applying the remaining factors."   *Id.*

e.   Awards in Similar Cases

"Attorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) percent and thirty (30) percent of the fund."   *Singleton,* 976 F. Supp. 2d at 684 (citing Manual for Complex Litigation ("MCL"), § 14.121).   "Fees awarded under 'the percentage-of-recovery' method in settlements under $100 million have ranged from 15% to 40%."   *Singleton,* 976 F. Supp. 2d at 685 (citing *Stoner v. CBA Information Services*, 352 F. Supp. 2d 549, 553 (E.D. Pa. 2005)).   This Court in the *Singleton* case found that a percentage fee award of 25% fell "within the range of awards deemed fair and reasonable by courts within the Fourth Circuit."   *Id.* at 685.   Additionally, Settlement Counsel have cited recent cases involving Chase in which courts have found percentage fee awards over 25% to be reasonable.   *See Hightower v. JPMorgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 174314 (C.D. Cal. Aug. 4, 2015) (attorney fee award of approximately 30% of total settlement fund awarded); *Bova v. JPMorgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 119368 (S.D. Cal. Oct. 14, 2011) (awarding fees of 30% paid from the Settlement Amount of $463,000).   Therefore, Settlement Counsels' requested award of 25% of the Common Fund is a reasonable fee.

f.   The Complexity and Duration of the Litigation

" 'In evaluating the complexity and duration of the litigation, courts consider not only the time between filing the complaint and reaching settlement, but also the amount of motions practice prior to settlement, and the amount and nature of discovery.' "   *Singleton*, 976 F. Supp. 2d at 686 (quoting *Jones*, 601 F. Supp. 2d at 761).   As discussed *supra*, Settlement

Counsel went to great lengths to identify potential Chase Class members and to obtain the evidence necessary to prosecute this case, including retrieving records from Genuine Title's server.   In order to maintain Genuine Title's electronic database, Settlement Counsel have indicated that they initially advanced approximately $20,000 and have advanced approximately $4,000 per month to a technology provider.   Mem. Supp. Mot., p. 28, ECF No. 356-1.   The length and duration of this case weigh in favor of granting Settlement Counsels' requested award.

        g.     <u>Public Policy</u>

" 'The most frequent complaint surrounding class action fees is that they are artificially high, with the result (among others) that plaintiffs' lawyers receive too much of the funds set aside to compensate victims.' " *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 687 (D. Md. 2013) (quoting Report on Contingent Fees in Class Action Litigation, 25 Rev. Litig. 459, 466 (2006)).   "Thus, in assessing the reasonableness of the requested attorneys' fees, the court must strike the appropriate balance between promoting the important public policy that attorneys continue litigating class action cases that 'vindicate rights that might otherwise go unprotected,' and perpetuating the public perception that 'class action plaintiffs' lawyers are overcompensated for the work that they do.' " *Id.* (quoting Third Circuit Task Force Report, 208 F.R.D. 340, 342, 344 (Jan. 15, 2002)).   This case does not pose serious concerns with respect to public policy because no Chase Class member has objected to Settlement Counsels' requested attorneys' fees, and Settlement Counsels' fees will not be deducted from class members' benefits, but will be paid separately by Chase.   For the reasons discussed herein, Settlement Counsel's requested award in the

amount of 25% of the Common Fund, or $82,139.52, is a reasonable award.  A lodestar cross-check confirms that this is a reasonable figure.

      B.     <u>Lodestar Cross-Check</u>

As discussed *supra*, Settlement Counsel have requested an award of 25% of the common fund, now valued at $328,558.08.   *See* Correspondence, p. 1, ECF No. 422. Accordingly, Settlement Counsels' requested award of 25% of the Common Fund equates to an award of **<u>$82,139.52</u>**.  Pursuant to the parties' Settlement Agreement, this amount will be paid by Chase in addition to, and not out of, the Common Fund.   Additionally, the difference between the Class Representatives' service awards and settlement benefits will be paid out of Settlement Counsels' award, a deduction of $3,892.43.

Under the "lodestar" method, a district court identifies a reasonable fee award, or lodestar award, by multiplying the reasonable hours expended by a reasonable hourly rate. *See Xiao–Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001).  The court may then adjust that award by employing a "multiplier."  *See Whitaker*, 2010 WL 3928616 at *4.  "The purpose of a lodestar cross-check is to determine whether a proposed fee award is excessive relative to the hours reportedly worked by counsel, or whether the fee is within some reasonable multiplier of the lodestar."  *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 688 (D. Md. 2013) (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 306).  "Importantly, 'where the lodestar fee is used as a mere cross-check to the percentage method of determining reasonable attorneys' fees, the hours documented by counsel need not be exhaustively scrutinized by the district court.' "  *Id.* (quoting *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 385 (D. Md. 2006)).  "Courts have generally held that

lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)).

Here, Settlement Counsel Michael Paul Smith of the law firm Smith, Gildea & Schmidt, LLC ("SGS") and Veronica Nannis of the law firm Joseph, Greenwald & Laake, P.A. ("JGL") have each submitted affidavits documenting their firms' respective fees and expenses. *See* Smith Aff., ECF No. 422-1; Nannis Aff., ECF No. 422-2.

      a.     <u>Settlement Counsels' Reported Fees and Expenses</u>

          i.     <u>Smith, Gildea & Schmidt, LLC</u>

Mr. Smith has indicated that his work on this case was billed at the rate of $475 per hour, his associates Natalie Mayo, Lauren D. Benjamin, and Sarah Zadrozny's time was billed at the rate of $225 per hour, his associate Melissa English's time was billed at the rate of $350 per hour, and paralegals and law clerks' time was billed at the rate of $150 per hour. [5] Smith Aff., ¶ 4, ECF No. 422-1.

From the opening of their file on this case through December 11, 2015, the date of the conditional settlement with Chase, SGS has spent numerous hours "generally applicable to all defendants" which, when multiplied at the rates referenced above, would yield $393,540.00, of which **$4,472.32** would represent Chase's proportional share[6] of the fees. *Id.* at 5.

---

[5] All hourly rates proposed by Settlement Counsel are reasonable under this Court's "Guidelines Regarding Hourly Rates." *See* Local Rules Appendix B (D. Md. 2016).
[6] According to Settlement Counsel, "Chase was approximately 1% of the total loans until Wells Fargo reached a settlement and was approximately 2% of the total loans after Wells Fargo settled." Correspondence, p. 1, ECF No. 422.

Additionally, from the opening of the file through December 16, 2016, four days prior to the date of Mr. Smith's affidavit, SGS spent numerous hours "specific to Chase" which, when multiplied by the rates referenced above, would yield **$21,110.00**.  Accordingly, SGS attributes a total of **$25,582.32** in fees to Chase.

ii.      <u>Joseph, Greenwald & Laake, P.A.</u>

Ms. Nannis has indicated that firm shareholders Tim Maloney and Steve Pavsner's work on this case was billed at a rate of $475 per hour, her own work was billed at a rate of $350 per hour, associates Tim Creed and Alyse Prawde's work was billed at a rate of $225 per hour, and paralegal and law clerks' time was billed at the rate of $150 per hour.  Nannis Aff., ¶ 4, ECF No. 422-2.

From the opening of their file on this case through December 11, 2015, the date of the conditional settlement with Chase, JGL has spent numerous hours "generally applicable to all defendants" which, when multiplied at the rates referenced above, would yield $114,056.50, of which **$1,653.81** represents Chase's proportionate share of fees.  *Id.* at 5.

Additionally, from the opening of the file through December 15, 2016, three days before the date of Ms. Nannis' affidavit, JGL spent numerous hours "specific to Chase" which, when multiplied by the rates referenced above, would yield **$5,580.00**.  *Id.* at ¶ 6.  Accordingly, JGL attributes a total of **$7,233.81** in fees to Chase.

Therefore, Settlement Counsel attribute a total of **$32,816.13** in fees to Chase.  With respect to costs and expenses, SGS has incurred an additional **$340.15** in costs and JGL has incurred an additional **$685.69** in costs attributable to Chase for a total of **$1,025.84**.  *Id.* at ¶ 9; Smith Aff., ¶ 9, ECF No. 422-1.

b.    Lodestar Cross-Check Multiplier

As discussed *supra*, Settlement Counsels' requested award of 25% of the Common Fund in fees and expenses equates to an award of $82,139.52. Subtracting $1,025.84 in expenses and $3,892.43 in service awards yields **$77,221.25**—the total amount that Settlement Counsel seek *for fees alone*. Accordingly, accepting a lodestar of $32,816.13, based on Settlement Counsels' affidavits discussed *supra*, Settlement Counsel are proposing a lodestar cross-check multiplier of approximately **2.35**, well within the range of reasonable multipliers. As discussed *supra*, this Court has previously held that "lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)).

## CONCLUSION

For the foregoing reasons, it is this 10th day of January, 2017, ORDERED that:

1.    Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 356) is GRANTED in the requested amount of **$82,139.52**, an award equal to 25% of the Chase Settlement Common Fund;

2.    Pursuant to the Settlement Agreement (ECF No. 277-2) Chase shall pay Settlement Counsel attorneys' fees and expenses in the amount of **$82,139.52** in addition to, not out of, the Common Fund. Payment shall be remitted by check jointly payable to Settlement Counsel within ninety (90) days of this Order;

3.    The difference between the settlement benefits and service awards, totaling $3,500 each, previously awarded to Class Representatives Carol Shaw and Patricia Marshall, shall be paid out of the funds awarded to Settlement Counsel; and

4.    The Clerk of this Court transmit a copy of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge

16