IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD J. AND VICKI FANGMAN, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. RDB-14-0081 |
| | * | |
| GENUINE TITLE, LLC, *et al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On May 31, 2017, this Court conducted a Final Fairness Hearing on the Proposed Class Action Settlements of all claims asserted in this action against Defendants E Mortgage Management, LLC ("E Mortgage Settlement") (ECF No. 394-2) and E Properties, LLC ("E Properties Settlement") (ECF No. 394-3) (collectively "Settlement Agreements"). Via Order dated that same day (ECF No. 468), this Court granted final approval of the Settlement Agreements, dismissed all claims against Defendants E Mortgage and E Properties, and approved the parties' requested service awards for Class Representatives Bertha & Alvin Cole; Preston & Beatrice Johnson; Ann & Gerald Jones; and Tinna & John Mahoney in the amount of $5,000 per married couple, inclusive of settlement benefits, for a total of $20,000.[1]  *See* Order, ¶¶ 10, 11, 16, ECF No. 468. Final Judgement has been entered in this

---

[1] Pursuant to Paragraph 12 of the E Mortgage Settlement and Paragraph 11 of the E Properties Settlement, the difference between these service awards and the settlement benefits "shall be paid from, and not in addition to, any attorneys' fees awarded" to Class Counsel.

1

case against E Mortgage and E Properties in "the amounts[2] necessary to fund Settlement Benefits payable to [E Mortgage and E Properties] Class Members, in accordance with the . . . Settlement Agreement[s]." *Id.*, ¶¶ 13, 14, 19. Still pending before this Court is Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 455). This Court heard argument on the issue of attorneys' fees and expenses at the conclusion of the May 31, 2017 Final Fairness Hearing, and no additional hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, the pending Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 455) is GRANTED in the reduced amount of **$330,433.62**, an award equal to **20%** of the maximum settlement value for both Settlement Agreements.[3]

BACKGROUND

In January of 2014, Plaintiffs Edward J. and Vicki Fangman brought this class action against Defendant Genuine Title, LLC alleging, *inter alia*, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b)[4]. *See* Compl., ECF No. 2. E Mortgage Management, LLC ("E Mortgage") was first named as a Defendant in the Amended Complaint (ECF No. 47), filed in January of 2015.[5] An additional thirteen home mortgage lenders have also been named as Defendants (collectively "Lender Defendants")

---

[2] Settlement Counsel have subsequently indicated to this Court that, "[t]he maximum settlement benefits under the Common Fund, based on counsel's calculations, equal $1,652,168.08." Mem. Supp. Mot. for Att'ys' Fees, p. 26, ECF No. 455-1.
[3] Via Memorandum Orders dated November 18, 2016 (ECF No. 411) and January 10, 2017 (ECF No. 429) this Court has previously awarded Wells Fargo and JPMorgan Chase Settlement Counsel attorneys' fees and expenses in the amounts of 15% and 25%, respectively, of the Common Funds in those settlements.
[4] Additionally, Plaintiffs alleged violations of Md. Code Ann., Real Prop. § 14-127 ("Section 14-127") and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301. Those claims were subsequently dismissed by this Court. *See* Orders, ECF Nos. 214, 281.
[5] Defendant E Properties, LLC ("E Properties") was added as a Defendant for settlement purposes only at the time of this Court's Preliminary Fairness Hearing. *See* Order Joining E Properties, ECF No. 409.

via the First and Second Amended Complaints in this action. Attorneys Michael Paul Smith, Sarah Zadrozny, Timothy J. Maloney, and Veronica Nannis of the law firms of Smith, Gildea & Schmidt, LLC ("SGS") and Joseph, Greenwald & Laake, P.A. ("JGL") (hereinafter "Settlement Counsel") have represented all Plaintiffs, including the E Mortgage and E Properties Plaintiffs, throughout this litigation.

In prosecuting this case, Settlement Counsel have incurred significant expense and have undergone significant investigation. For example, in July of 2013, Plaintiffs filed a Petition for Emergency Appointment of a Receiver for the purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland. That court granted the petition on July 30, 2014, and Settlement Counsel were able to retrieve vast amounts of evidence from Genuine Title's records, including the identities of E Mortgage and E Properties Class Members.

While several of the Lender Defendants filed motions to dismiss the Second Amended Complaint in July of 2015, E Mortgage sought an early mediation before Magistrate Judge Timothy Sullivan of this Court. E Mortgage did not participate in briefing the motions to dismiss and, at E Mortgage's request, this Court stayed all deadlines in this case with respect to E Mortgage on July 20, 2015, pending completion of the mediation. *See* Stay Order, ECF No. 160. Although E Mortgage later joined the already fully-briefed motions to dismiss of the remaining Lender Defendants when resolution efforts temporarily stalled in October of 2015, it did so via a brief memorandum (ECF No. 203-1), adopting many of the arguments previously raised by the other Lender Defendants. Plaintiffs responded with a 2-page filing (ECF No. 209) stating only that "[t]here are no new

arguments made in the E Mortgage Motion that have not already been fully briefed and argued by other defendants," and incorporating their previously filed opposition briefs.

The E Mortgage Settlement Agreement provides for the payment of the following benefits to the E Mortgage Class Members: for Subclass 1 members, an award equal to 220% the Section 1100 Charges that were paid to Genuine Title (excluding title underwriter's fees) as reflected on the member's HUD-1 Settlement Statement; and for qualifying Subclass 2 members, an award equal to 50% of the Section 1100 Charges that were paid to Genuine Title (excluding title underwriter's fees) as reflected on the member's HUD-1 Settlement Statement. E Mortgage Settlement Agreement, ¶ 6.1, ECF No. 394-2. The E Properties Settlement Agreement provides for the payment of the following benefits to members of the E Properties Class: an award equal to 160% the Section 1100 Charges that were paid to Genuine Title (excluding title underwriter's fees) as reflected on the member's HUD-1 Settlement Statement. E Properties Settlement Agreement, ¶ 6.1, ECF No. 394-3. The settlement benefits for all settlement classes are to be deposited into a Common Fund, which Settlement Counsel have subsequently indicated will reach a maximum value of $1,652,168.08. Mem. Supp. Mot., p. 26, ECF No. 455-1.

With respect to attorneys' fees and expenses, both Settlement Agreements provide that the settling Defendants will pay attorneys' fees and expenses "in addition to, not out of the Common Fund." E Mortgage Settlement Agreement, ¶ 13, ECF No. 394-2; E Properties Settlement Agreement, ¶ 12, ECF No. 394-3. The Settlement Agreements further provide that Settlement Counsel shall limit the amount of their requested attorneys' fees and expenses to an amount equal to 25% of the maximum settlement value. *Id.* The

4

Agreements further provide that the Defendants reserve the right to oppose any petition for attorneys' fees and expenses that seeks *more than* an aggregate award equal to 20% of the Common Fund. *Id.*

Under the terms of the Settlement Agreements, notice plans were completed pursuant to which all members of the E Mortgage and E Properties classes were informed of the Settlement Agreement terms, including the provisions for payment of attorneys' fees and expenses. No objections to the terms of the Settlement Agreements or requests for exclusion from the settlements have been filed. On May 31, 2017, this Court conducted a Final Fairness Hearing on the proposed settlements and granted final approval of the Settlement Agreements that same day.

## ANALYSIS

Settlement Counsel have requested an award of attorneys' fees and expenses in the amount of **25%** of the full potential settlement value for both settlements, or **$413,042.02**. Mem. Supp. Mot., p. 26, ECF No. 455-1. Pursuant to the terms of the Settlement Agreement, $13,135.96 of that award will be paid to the Class Representatives—the difference between their settlement benefits and $5,000 service awards, per married couple, previously awarded by this Court. *Id.* An additional $13,843.23 of that award will cover Settlement Counsels' expenses. *Id.* Accordingly, Settlement Counsel request a total of $386,062.83 in attorneys' fees alone. *Id.* Defendants E Mortgage and E Properties object to any award in excess of 20% of the Common Fund, or $330,433.62.

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are

authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally, the Real Estate Settlement Procedures Act ("RESPA") provides that "[i]n any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. § 2607(d)(5). As this Court has previously noted, "[t]here are two primary methods of calculating attorneys' fees: the lodestar method and the 'percentage of recovery' method." *Whitaker v. Navy Fed. Credit Union*, No. RDB-09-2288, 2010 WL 3928616, at *4 (D. Md. Oct. 4, 2010). "The lodestar method requires the multiplication of the number of hours worked by a reasonable hourly rate, the product of which this Court can then adjust by employing a 'multiplier.'" *Id.* "The percentage of the recovery method involves an award based on a percentage of the class recovery, set by the weighing of a number of factors by the court." *Id.*

For the reasons explained in this Court's prior Memorandum Order of November 18, 2016 (ECF No. 411), the "percentage of recovery" method shall be used to calculate Settlement Counsels' attorneys' fees and expenses in this case. However, this Court will cross-check the "percentage of recovery" analysis with a lodestar analysis. This Court has previously recognized that "using the percentage of fund method and supplementing it with the lodestar cross-check . . . take[s] advantage of the benefits of both methods." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 681 (D. Md. 2013) (quoting *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009)).

A. "Percentage of Recovery" Analysis

Although the United States Court of Appeals for the Fourth Circuit "has not yet identified factors for district courts to apply when using the 'percentage of recovery' method, . . . District courts in this circuit have analyzed the following seven factors:"

> (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy. [citing, *e.g.*, *The Kay Company v. Equitable Production Co.*, 749 F. Supp. 2d 455, 464 (S.D. W. Va. 2010)]. Importantly, "fee award reasonableness factors 'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.'" *In re AT & T Corp.*, 455 F.3d 160, 166 (3d Cir. 2006) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3rd Cir. 2005)).

*Singleton,* 976 F. Supp. 2d at 682.

a. Results Obtained for the Class

" '[T]he most critical factor in calculating a reasonable fee award is the degree of success obtained.' " *Id.* (quoting *McKnight v. Circuit City Stores, Inc.,* 14 F. App'x. 147, 149 (4th Cir. 2001)). In this case, Settlement Counsel have secured a significant financial recovery for the members of the E Mortgage and E Properties Classes. As outlined *supra*, members of E Mortgage Settlement Subclass 1 will receive 220% of the settlement charges paid to Genuine Title on their loans; members of E Mortgage Settlement Subclass 2 will receive 50% of the settlement charges paid to Genuine Title on their loans; and members of the E Properties Settlement Class will receive 160% of the settlement charges paid to Genuine Title.

Settlement Counsel have indicated to this Court that, "[t]he maximum settlement benefits under the Common Fund, based on counsel's calculations, equal $1,652,168.08." Mem. Supp. Mot., p. 26, ECF No. 455-1. Additionally, class members' settlement benefits

7

will not be reduced by court-awarded attorneys' fees and costs, Class Representatives' service awards, or by the costs of settlement administration or notice, which Defendants have agreed to pay separately. Furthermore, as this Court observed in *Singleton*, "[t]he fact that no objections have been filed further suggests that the result achieved is a desirable one." *Singleton*, 976 F. Supp. 2d at 683.

    b.  <u>Quality, Skill, and Efficiency of the Attorneys Involved</u>

Settlement Counsel are experienced litigators who went to great lengths to prosecute this action and obtained a quick and substantial settlement for the E Mortgage and E Properties Classes. Lead Counsel, Mr. Michael Paul Smith, "has represented plaintiffs for 24 years and has tried over 50 cases in state and federal courts," including numerous "complex civil cases in the areas of commercial litigation, fraud and banking/real estate issues." Mem. Supp. Mot., p. 13, ECF No. 455-1. Mr. Smith and the law firm of Smith, Gildea & Schmidt, LLC have significant experience preparing and trying complex civil cases, including *Mosaic Lounge v. BCR*, Case No.: 03-C-14-00449, in the Circuit Court for Baltimore County and *Possidente v. GBMC*, Case No. 03-C-10-003295, in the Circuit Court for Baltimore County. *Id.*

The attorneys of Joseph, Greenwald & Laake, P.A. are also experienced plaintiffs' counsel. Mr. Timothy Maloney "has represented plaintiffs for 30 years and has tried over 100 cases in state and federal courts." *Id.* at 13-14. Mr. Maloney "regularly tries complex civil cases in the areas of commercial litigation, fraud and constitutional violations" and has served as plaintiffs' counsel in several class action cases before this Court, including *Robert J. England, et al. v. Marriot International, Inc. et al.*, No. 8: 10-cv-01256-RWT, and *In re Michelin North America, Inc., PAX System Marketing & Sales Practice Litigation*, No. 08:08-md-01911-

8

RWT. *Id.* at 14. Ms. Veronica Nannis "has represented plaintiffs for 14 years and for the past 10 years has focused on complex fraud cases under the False Claims Act." *Id.*

In order to identify potential E Mortgage and E Properties Plaintiffs and class members, Settlement Counsel went to great lengths to secure the records of the now-defunct Genuine Title, LLC. In July of 2013, counsel filed a Petition for Emergency Appointment of a Receiver for the limited purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland. That court granted the petition on July 30, 2014. The Receiver immediately seized records that Plaintiffs have alleged were scheduled for destruction.

    c.    <u>Risk of Nonpayment</u>

" 'In determining the reasonableness of an attorneys' fee award, courts consider the relative risk involved in litigating the specific matter compared to the general risks incurred by attorneys taking on class actions on a contingency basis.' " *Singleton*, 976 F. Supp. 2d at 683 (quoting *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 762 (S.D.W. Va. 2009)). "The risk undertaken by class counsel is evaluated by, among other things, the presence of government action preceding the suit, the ease of proving claims and damages, and, if the case resulted in settlement, the relative speed at which the case was settled." *Id.*

Settlement Counsel correctly note that several courts have dismissed RESPA claims against other Lender Defendants in recent years. *See, e.g., Perez v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 24689 (D.N.J. Feb. 29, 2016); *Minter v. Wells Fargo Bank, N.A.*, No. 13-2131, 2014 WL 3827671 (4th Cir. Aug. 5, 2014). The fact that Settlement Counsel were able to achieve such a substantial settlement for the members of the E Mortgage and E

9

Properties classes despite this looming uncertainty weighs in favor of granting their requested award.

> d. Objections

As discussed *supra*, E Mortgage and E Properties class members were notified of the proposed Settlement Agreements, their expected recovery, and Settlement Counsels' request for attorneys' fees. Particularly, a paragraph was included in each of the Notices (ECF Nos. 394-2 & 394-3) providing as follows:

> **8. How will Class Counsel be paid?**
>
> Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing, and will also ask the Court for an award of attorneys' fees, costs, and expenses up to a maximum of 25% of the full potential settlement value. The Court will make the final decision as to the amounts to be paid to Class Counsel at or after the Final Fairness Hearing.

No objections were filed. "The lack of objections tends to show that at least from the class members' perspective, the requested fee is reasonable for the services provided and the benefits achieved by class counsel." *Singleton*, 976 F. Supp. 2d at 684 (D. Md. 2013). "Nevertheless, the court must still determine the reasonableness of the requested fee applying the remaining factors." *Id.*

> e. Awards in Similar Cases

"Attorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) percent and thirty (30) percent of the fund." *Singleton,* 976 F. Supp. 2d at 684 (citing Manual for Complex Litigation ("MCL"), § 14.121). "Fees awarded under 'the percentage-of-recovery' method in settlements under $100 million have ranged from 15% to 40%." *Singleton,* 976 F. Supp. 2d at 685 (citing *Stoner v. CBA Information Services*, 352

F. Supp. 2d 549, 553 (E.D. Pa. 2005)). This Court in the *Singleton* case found that a percentage fee award of 25% fell "within the range of awards deemed fair and reasonable by courts within the Fourth Circuit." *Id.* at 685. In this case, this Court has previously awarded Wells Fargo and JPMorgan Chase Settlement Counsel attorneys' fees and expenses in the amounts of 15% and 25%, respectively, of the Common Funds in those prior settlements.

f. The Complexity and Duration of the Litigation

" 'In evaluating the complexity and duration of the litigation, courts consider not only the time between filing the complaint and reaching settlement, but also the amount of motions practice prior to settlement, and the amount and nature of discovery.' " *Singleton*, 976 F. Supp. 2d at 686 (quoting *Jones*, 601 F. Supp. 2d at 761). As discussed *supra*, Settlement Counsel went to great lengths to identify potential Class members and to obtain the evidence necessary to prosecute this case, including retrieving records from Genuine Title's server. However, unlike other Lender Defendants, E Mortgage took significant steps toward reaching a negotiated resolution to the claims against it shortly after being added as a Defendant in this case in January of 2015. E Mortgage did not participate in briefing the series of motions to dismiss filed in this Court in July of 2015, but instead sought a stay of proceedings, pending mediation, which this Court granted on July 20, 2015.

Even when E Mortgage later joined the already fully-briefed motions to dismiss of the remaining Lender Defendants when resolution efforts temporarily stalled in October of 2015, it did so via a brief memorandum (ECF No. 203-1), adopting many of the arguments previously raised by the other Lender Defendants. Plaintiffs responded with a 2-page filing (ECF No. 209) stating only that "[t]here are no new arguments made in the E Mortgage

11

Motion that have not already been fully briefed and argued by other defendants," and incorporating their previously filed opposition briefs. Additionally, counsel have indicated that E Mortgage did not engage in discovery. Opp'n to Mot., p. 2, ECF No. 463.

In light of E Mortgage's expeditious efforts to reach a resolution and limited participation in the extensive motions practice and discovery in this case, an award of <u>20%</u> of the maximum settlement value is more appropriate than Class Counsels' requested award of 25%. This Court similarly reduced Class Counsels' requested award of 25% of the Common Fund to 18% in the Wells Fargo Settlement. *See* Mem. Order, p. 19-20, ECF No. 411. Like E Mortgage, Wells Fargo entered into settlement discussions early. Additionally, although Wells Fargo did file a Motion to Dismiss, the Wells Fargo Plaintiffs' claims were settled even before Wells Fargo's Motion to Dismiss was ruled upon by this Court.

It is well-settled that a Defendant's efforts to quickly resolve the claims against it weighs in favor of reducing Class Counsels' requested fee award. *See Singleton*, 976 F. Supp. 2d at 686 (citing *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 469 (W.D. Va. 2011), in which the United States District Court for the Western District of Virginia reduced Class Counsels' requested award of 25% of the common fund to 18% of the common fund " 'due to the lack of complexity and the brevity of discovery in [the] case,' " "despite finding that the settlement produced a favorable result for the class, there were relatively few objections, class counsel was experienced in consumer advocacy, and that there was substantial risk of nonpayment.").

g.  Public Policy

" 'The most frequent complaint surrounding class action fees is that they are artificially high, with the result (among others) that plaintiffs' lawyers receive too much of the funds set aside to compensate victims.' " *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 687 (D. Md. 2013) (quoting Report on Contingent Fees in Class Action Litigation, 25 Rev. Litig. 459, 466 (2006)). "Thus, in assessing the reasonableness of the requested attorneys' fees, the court must strike the appropriate balance between promoting the important public policy that attorneys continue litigating class action cases that 'vindicate rights that might otherwise go unprotected,' and perpetuating the public perception that 'class action plaintiffs' lawyers are overcompensated for the work that they do.' " *Id.* (quoting Third Circuit Task Force Report, 208 F.R.D. 340, 342, 344 (Jan. 15, 2002)). This case does not pose serious concerns with respect to public policy because no Class member has objected to Settlement Counsels' requested attorneys' fees, and Settlement Counsels' fees will not be deducted from class members' benefits, but will be paid separately by Defendants.

B.  Lodestar Cross-Check

For the foregoing reasons, an award of $330,433.62, or 20% of the full potential settlement value for both Settlement Agreements, is a reasonable award under the percentage of recovery analysis. A lodestar cross-check confirms that this is a reasonable fee award. Under the "lodestar" method, a district court identifies a reasonable fee award, or lodestar award, by multiplying the reasonable hours expended by a reasonable hourly rate. *See Xiao–Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001). The court

may then adjust that award by employing a "multiplier." *See Whitaker*, 2010 WL 3928616 at *4. "The purpose of a lodestar cross-check is to determine whether a proposed fee award is excessive relative to the hours reportedly worked by counsel, or whether the fee is within some reasonable multiplier of the lodestar." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 688 (D. Md. 2013) (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 306). "Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)).

a. Settlement Counsels' Reported Fees and Expenses

Settlement Counsel Michael Paul Smith of the law firm Smith, Gildea & Schmidt, LLC ("SGS") and Veronica Nannis of the law firm Joseph, Greenwald & Laake, P.A. ("JGL") have each submitted affidavits documenting their firms' respective fees and expenses. *See* Smith Aff., ECF No. 455-2; Nannis Aff., ECF No. 455-3.

i. Smith, Gildea & Schmidt, LLC ("SGS")

SGS has indicated that from the date of opening the file on this case through May 10, 2016, the date of conditional settlement with the E Mortgage Defendants, it has spent numerous hours "generally applicable to all defendants" which, when multiplied by the billing rates listed in this Court's Local Rules, would yield $592,060.00. SGS has calculated that $69,681.32 would represent the E Mortgage Defendants' proportionate share of the fees. Additionally, from the opening of the file through the approximate date of their filing the pending motion, SGS spent numerous hours "specific to the E Mortgage Defendants" which would yield $73,817.50. Accordingly, SGS attributes a total of $143,498.82 in fees to

the E Mortgage Defendants. Additionally, SGS attributes a total of $8,140.31 in costs to the E Mortgage Defendants.

        ii.        Joseph, Greenwald & Laake, P.A. ("JGL")

JGL has indicated that from the date of opening their file on this case through May 10, 2016, the date of conditional settlement with the E Mortgage Defendants, JGL has spent numerous hours "generally applicable to all defendants" which, when multiplied by the billing rates listed in this Court's Local Rules, would yield $229,929.00. SGS has calculated that $32,841.33 would represent the E Mortgage Defendants' proportionate share of the fees. Additionally, from the opening of the file through the approximate date their filing the pending motion, JGL spent numerous hours "specific to the E Mortgage Defendants" which would yield $22,530.00. Accordingly, JGL attributes a total of $55,371.33 in fees to the E Mortgage Defendants. Additionally, JGL attributes a total of $5,702.69 in costs to the E Mortgage Defendants.

Therefore, Class Counsel from both law firms attribute a grand total of **$198,870.15** in fees to the E Mortgage Defendants. " '[W]here the lodestar fee is used as a mere cross-check to the percentage method of determining reasonable attorneys' fees, the hours documented by counsel need not be exhaustively scrutinized by the district court.' " *Singleton v. Domino's Pizza*, LLC, 976 F. Supp. 2d 665, 688 (D. Md. 2013) (quoting I*n re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 385 (D. Md. 2006)) (emphasis added).

    b.    Lodestar Cross-Check Multiplier

As discussed *supra*, in light of E Mortgage's early efforts to settle the claims against it in this case, the stay of proceedings against E Mortgage entered by this Court in July of 2015,

and the fact that E Mortgage did not engage in discovery, an award of 20% of the maximum settlement value in this case, or $330,433.62, is a more reasonable award of attorneys' fees and expenses than Class Counsels' requested award of 25% of the Common Fund, or $413,042.02. A lodestar cross-check confirms that 20% is a reasonable award.

As discussed *supra*, pursuant to the terms of the Settlement Agreement, $13,135.96 of Class Counsels' award will be paid to the Class Representatives—the difference between their settlement benefits and $5,000 service awards, per married couple, previously awarded by this Court. An additional $13,843.00 of that award will cover Settlement Counsels' expenses. Accordingly, a 20% award represents $303,454.66 in fees alone. Accepting a lodestar of $198,870.15, based on Settlement Counsels' affidavits discussed *supra*, the lodestar multiplier for a 20% award would be **1.53**. This multiplier falls within the range of reasonable fee awards previously authorized by this Court. *See, e.g., Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)).

## **CONCLUSION**

For the foregoing reasons, it is this 7th day of June, 2017, ORDERED that:

1. Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 455) is GRANTED in the reduced amount of **$330,433.62**, an award equal to **20%** of the maximum settlement value for both the E Mortgage and E Properties Settlement Agreements;

2. Pursuant to the Settlement Agreements, E Mortgage and E Properties shall pay Settlement Counsel attorneys' fees and expenses in the amount of **$330,433.62** in addition to, not out of, the Common Fund. Payment shall be remitted by check jointly payable to Settlement Counsel within ninety (90) days of this Order;

3. The difference between the settlement benefits and $5,000 service awards, previously awarded to Class Representatives by this Court, shall be paid out of the funds awarded to Settlement Counsel; and
4. The Clerk of this Court shall transmit copies of this Memorandum Order to Counsel.

    _____/s/_____
    Richard D. Bennett
    United States District Judge