IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD J. AND VICKI FANGMAN, *et al.*, *

    Plaintiffs, *

    v. *     Civil Action No. RDB-14-0081

GENUINE TITLE, LLC, *et al.* *

    Defendants. *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

On June 8, 2017, this Court conducted a Final Fairness Hearing on the Proposed Class Action Settlement (ECF No. 412-2) ("Settlement Agreement") of all claims asserted in this action against Defendant Net Equity Financial, Inc. ("Net Equity"). Via Order dated that same day (ECF No. 471), this Court granted final approval of the Settlement Agreement, dismissed all claims against Net Equity, and approved the requested service award for Class Representative Helen L. Householder in the amount of $5,000, including her Settlement Benefit.[1] *See* Order, ¶¶ 1, 9, 13, ECF No. 471. Final Judgement has been entered in this case against Net Equity in an "amount[2] necessary to fund Settlement Benefits payable to the Settlement Class Members, in accordance with the Settlement Agreement," discussed *infra*. *Id.* ¶¶ 11, 15. Still pending before this Court is Settlement Counsels' Petition for

---

[1] Pursuant to Section 7.1 of the Settlement Agreement, Ms. Householder's service award will be paid *out of* the Common Fund.

[2] Settlement Counsel have subsequently indicated to this Court that the value of the Net Equity Common Fund is $3,642,980.00. Mem. Supp. Mot., p. 1, ECF No. 459-1. Pursuant to the Settlement Agreement, $42,980.00 of this amount will be applied specifically to the attorneys' fees award by way of a promissory note, payable in twelve (12) equal monthly payments with no interest accruing.

1

Attorneys' Fees and Expenses (ECF No. 459), in which Settlement Counsel request an award of attorneys' fees and expenses in the amount of "20% of the amount of the Settlement Benefit to the Settlement Class, specifically, $607,163.33." Net Equity has not opposed that request.[3] The parties' submissions have been reviewed, and no additional hearing on the issue of attorneys' fees and expenses is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, the pending Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 459) is GRANTED in the full requested, and unopposed, amount of **$607,163.33**, an award equal to **20% of the Settlement Benefit to the Settlement Class** or, alternatively, 1/6 of the entire Common Fund.[4]

BACKGROUND

In January of 2014, Plaintiffs Edward J. and Vicki Fangman brought this class action against Defendant Genuine Title, LLC alleging, *inter alia*, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607(a), (b)[5]. *See* Compl., ECF No. 2. Net Equity Financial, Inc. ("Net Equity") was named as a Defendant in the First Amended Complaint (ECF No. 47). An additional thirteen home mortgage lenders have also been named as Defendants (collectively "Lender Defendants") via the First and Second Amended

---

[3] As discussed *infra*, the Settlement Agreement provides that Net Equity shall not object to an award of attorneys' fees and expenses up to 20% of the Settlement Benefit to the Settlement Class.

[4] This Court has previously awarded Settlement Class Counsel attorneys' fees and expenses in the amounts of 15%, 25%, and 20% of the Common Funds in the Wells Fargo, JPMorgan Chase, and E Mortgage/E Properties Settlements, respectively, although the awards in those cases were paid by the settling defendants *in addition to*, and not *out of*, the Common Fund. As discussed *infra*, Settlement Counsels' requested award of 20% of the Settlement Benefit to the Settlement Class or, alternatively, 1/6 of the entire Common Fund, is a reasonable award. A lodestar cross-check confirms that this is a reasonable award. The lodestar multiplier for this award is only 1.88, well within the range of reasonable multipliers previously approved by this Court. *See, e.g., Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) ("Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee.").

[5] Additionally, Plaintiffs alleged violations of Md. Code Ann., Real Prop. § 14-127 ("Section 14-127") and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301. Those claims were subsequently dismissed by this Court. *See* Orders, ECF Nos. 214, 281.

Complaints in this action. Attorneys Michael Paul Smith, Sarah Zadrozny, Timothy J. Maloney, and Veronica Nannis of the law firms of Smith, Gildea & Schmidt, LLC ("SGS") and Joseph, Greenwald & Laake, P.A. ("JGL") (hereinafter "Settlement Counsel") have represented all Plaintiffs, including the Net Equity Plaintiffs, throughout this litigation.

In prosecuting this case, Settlement Counsel have incurred significant expense and have undergone significant investigation. For example, in July of 2013, Plaintiffs filed a Petition for Emergency Appointment of a Receiver for the purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland. That court granted the petition on July 30, 2014, and Settlement Counsel were able to retrieve vast amounts of evidence from Genuine Title's records, including the identities of potential Net Equity Class Members.

Net Equity Filed a Motion to Dismiss the Second Amended Complaint on July 21, 2015 (ECF No. 162), to which Plaintiffs responded on September 4, 2015 (ECF No. 178). Following a hearing on November 24, 2015, this Court denied Net Equity's Motion to Dismiss with respect to Plaintiffs' claims under the Real Estate Settlement Procedures Act in a Memorandum Opinion and Order dated December 9, 2015 (ECF Nos. 211 & 212). Following this Court's entry of a Scheduling Order on December 15, 2015 (ECF No. 220), the parties engaged in a period of contested discovery. Settlement Counsel have indicated that several discovery disputes remained unresolved at the time of settlement.

The parties filed a Joint Motion to Preliminarily Approve Settlement on November 22, 2016 (ECF No. 412), attaching the Settlement Agreement (ECF No. 412-2). This Court held a Preliminary Fairness Hearing on January 12, 2017 and granted the parties' Joint

3

Motion via Order dated that same date (ECF No. 431). This Court's Order designated Michael Paul Smith, Sarah Zadrozny, Timothy J. Maloney, and Veronica Nannis of the law firms of Smith, Gildea & Schmidt, LLC ("SGS") and Joseph, Greenwald & Laake, P.A. ("JGL") as Settlement Counsel.

Section 7.2 of the Settlement Agreement provides for the payment of the following benefits to the Net Equity Class Members:

> Each of these class members shall receive a proportionate share of the Common Fund remaining after deduction of any awards of attorneys' costs, expenses, and fees and service awards . . . . The formula for distribution shall be the Common Fund less any awards of attorneys' costs, expenses, and fees and service awards divided by the number of members of the Settlement Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.

Settlement Counsel have indicated that the Common Fund now totals $3,642,980.

With respect to attorneys' fees and expenses, the Settlement Agreement provides that "[p]ayment of any award of attorneys' costs, expenses and fees shall come *from the Common Fund*." Settlement Agreement, ¶ 13, ECF No. 412-2 (emphasis added). The Settlement Agreement provides that Settlement Counsel shall limit their requested attorneys' fees and expenses to an amount equal to 25% of the amount of the Settlement Benefit to the Settlement Class. *Id.* The Agreement further provides that Net Equity reserves the right to oppose any petition for attorneys' fees and expenses that seeks *more than* an aggregate award equal to 20% of the Settlement Benefit to the Settlement Class. *Id.*

Under the terms of the Settlement Agreement, a notice plan was completed pursuant to which all members of the Net Equity Class were informed of the Settlement Agreement's terms, including the provisions for payment of attorneys' fees and expenses. *See Id.* ¶ 11.

4

No objections to the terms of the Settlement Agreement have been filed. One request for exclusion was filed by Sonia Gilroy, personal representative for the Estate of David K. Gilroy. On November 4, 2016, this Court conducted a Final Fairness Hearing on the proposed settlement and granted final approval of the Settlement Agreement that same day, excluding Gilroy from the Settlement Class.

ANALYSIS

Settlement Counsel have requested an award of attorneys' fees and expenses of "20% of the amount of the Settlement Benefit to the Settlement Class, specifically, $607,163.33." Mot. for Attorneys' Fees, p. 2, ECF No. 459. After deducting Settlement Counsels' reported costs and expenses of $34,876.08, the attorneys' fees sought are $572,287.25. *See* Mem. Supp. Mot., p. 22, ECF No. 459-1. Net Equity does not oppose this award.

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally, the Real Estate Settlement Procedures Act ("RESPA") provides that "[i]n any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees." 12 U.S.C. § 2607(d)(5). As this Court has previously noted, "[t]here are two primary methods of calculating attorneys' fees: the lodestar method and the 'percentage of recovery' method." *Whitaker v. Navy Fed. Credit Union*, No. RDB-09-2288, 2010 WL 3928616, at *4 (D. Md. Oct. 4, 2010). "The lodestar method requires the multiplication of the number of hours worked by a reasonable hourly rate, the product of which this Court can then adjust by employing a 'multiplier.'" *Id.* "The

percentage of the recovery method involves an award based on a percentage of the class recovery, set by the weighing of a number of factors by the court." *Id.*

For the reasons explained in this Court's prior Memorandum Opinion of November 18, 2016 (ECF No. 411), the "percentage of recovery" method shall be used to calculate Settlement Counsels' attorneys' fees and expenses in this case. However, this Court will cross-check the "percentage of recovery" analysis with a lodestar analysis. This Court has previously recognized that "using the percentage of fund method and supplementing it with the lodestar cross-check . . . take[s] advantage of the benefits of both methods." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 681 (D. Md. 2013) (quoting *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009)).

A. "Percentage of Recovery" Analysis

Although the United States Court of Appeals for the Fourth Circuit "has not yet identified factors for district courts to apply when using the 'percentage of recovery' method, . . . District courts in this circuit have analyzed the following seven factors:"

> (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy. [citing, *e.g.*, *The Kay Company v. Equitable Production Co.*, 749 F. Supp. 2d 455, 464 (S.D. W. Va. 2010)]. Importantly, "fee award reasonableness factors 'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.' " *In re AT & T Corp.*, 455 F.3d 160, 166 (3d Cir. 2006) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3rd Cir. 2005)).

*Singleton,* 976 F. Supp. 2d at 682.

a. Results Obtained for the Class

" '[T]he most critical factor in calculating a reasonable fee award is the degree of success obtained.' " *Id.* (quoting *McKnight v. Circuit City Stores, Inc.,* 14 F. App'x. 147, 149 (4th Cir. 2001)). In this case, Settlement Counsel have secured a significant financial recovery for the members of the Net Equity Class. The members of the settlement class will directly receive over 100% of the average settlement charges paid to Genuine Title on their loans. As discussed *supra*, the Common Fund now totals $3,642,980. Additionally, as this Court observed in *Singleton*, "[t]he fact that no objections have been filed further suggests that the result achieved is a desirable one." *Singleton*, 976 F. Supp. 2d at 683.

b. Quality, Skill, and Efficiency of the Attorneys Involved

Settlement Counsel are experienced litigators who went to great lengths to prosecute this action and obtained a quick and substantial settlement for the Net Equity Class. Lead Counsel, Mr. Michael Paul Smith, "has represented plaintiffs for 24 years and has tried over 50 cases in state and federal courts," including numerous "complex civil cases in the areas of commercial litigation, fraud and banking/real estate issues." Mem. Supp. Mot., p. 13, ECF No. 459-1. Mr. Smith and the law firm of Smith, Gildea & Schmidt, LLC have significant experience preparing and trying complex civil cases, including *Mosaic Lounge v. BCR*, Case No.: 03-C-14-00449, in the Circuit Court for Baltimore County and *Possidente v. GBMC*, Case No. 03-C-10-003295, in the Circuit Court for Baltimore County. *Id.*

The attorneys of Joseph, Greenwald & Laake, P.A. are also experienced plaintiffs' counsel. Mr. Timothy Maloney "has represented plaintiffs for 30 years and has tried over 100 cases in state and federal courts." *Id.* at 14. Mr. Maloney "regularly tries complex civil

7

cases in the areas of commercial litigation, fraud and constitutional violations" and has served as plaintiffs' counsel in several class action cases before this Court, including *Robert J. England, et al. v. Marriot International, Inc. et al.*, No. 8: 10-cv-01256-RWT, and *In re Michelin North America, Inc., PAX System Marketing & Sales Practice Litigation*, No. 08:08-md-01911-RWT. *Id.* Additionally, Ms. Veronica Nannis "has represented plaintiffs for 14 years and for the past 10 years has focused on complex fraud cases under the False Claims Act." *Id.*

In order to identify potential Net Equity Plaintiffs and class members, Settlement Counsel went to great lengths to secure the records of the now-defunct Genuine Title, LLC. In July of 2013, counsel filed a Petition for Emergency Appointment of a Receiver for the limited purpose of retrieving and preserving the documents, books, and records of Genuine Title in the Circuit Court for Baltimore County, Maryland. That court granted the petition on July 30, 2014. The Receiver immediately seized records that Plaintiffs have alleged were scheduled for destruction. Subsequently, Settlement Counsel have engaged in extensive motions practice and contentious discovery, as discussed *supra*.

      c.    <u>Risk of Nonpayment</u>

" 'In determining the reasonableness of an attorneys' fee award, courts consider the relative risk involved in litigating the specific matter compared to the general risks incurred by attorneys taking on class actions on a contingency basis.' " *Singleton*, 976 F. Supp. 2d at 683 (quoting *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 762 (S.D.W. Va. 2009)). "The risk undertaken by class counsel is evaluated by, among other things, the presence of government action preceding the suit, the ease of proving claims and damages, and, if the case resulted in settlement, the relative speed at which the case was settled." *Id.*

8

Settlement Counsel correctly note that several courts have dismissed similar RESPA claims in recent years. *See, e.g., Minter v. Wells Fargo Bank, N.A.*, 2014 WL 3827671 (4th Cir. Aug. 5, 2014); *Taggart v. Norwest Mort., Inc.*, 539 Fed. App'x. 42 (3d Cir. 2013); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516 (10th Cir. 2013); *McCrimmon v. Wells Fargo Bank, N.A.*, 516 Fed. App'x. 372 (5th Cir. 2013). The fact that Settlement Counsel were able to achieve such a substantial settlement for the members of the Net Equity Class despite this looming uncertainty weighs in favor of granting their requested award.

d. <u>Objections</u>

As discussed *supra*, Net Equity Class members were notified of the proposed Settlement Agreement, their expected recovery, and Settlement Counsels' request for attorneys' fees. Particularly, a paragraph was included in the Notice providing as follows:

> **8. How will Class Counsel be paid?**
> Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing, and will also ask the Court for an award of attorneys' fees, costs, and expenses up to a maximum of 25% of the Settlement Benefits. The Court will make the final decision as to the amounts to be paid to Class Counsel at or after the Final Fairness Hearing.

No objections were filed. "The lack of objections tends to show that at least from the class members' perspective, the requested fee is reasonable for the services provided and the benefits achieved by class counsel." *Singleton*, 976 F. Supp. 2d at 684 (D. Md. 2013).

e. <u>Awards in Similar Cases</u>

"Attorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) percent and thirty (30) percent of the fund." *Singleton,* 976 F. Supp. 2d at 684 (citing Manual for Complex Litigation ("MCL"), § 14.121). "Fees awarded under 'the percentage-of-recovery' method in settlements under $100 million have ranged from

15% to 40%." *Singleton,* 976 F. Supp. 2d at 685 (citing *Stoner v. CBA Information Services*, 352 F. Supp. 2d 549, 553 (E.D. Pa. 2005)). This Court in the *Singleton* case found that a percentage fee award of 25% fell "within the range of awards deemed fair and reasonable by courts within the Fourth Circuit." *Id.* at 685. Even for a settlement such as this one, where attorneys' fees and costs are awarded *out of* the Common Fund, the requested award of 20% of the Settlement Benefit to the Settlement Class (1/6 of the total Common Fund) is well within the range of reasonable awards. *See, e.g., Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1116 (C.D. Cal. 2008) (awarding 25% fee plus costs to class counsel out of $25,648,204 fund); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005) ("attorneys' fees equal to one third (33 ⅓%) of the common fund ($27,783,000.00), which totals $9,60,073.90 . . . is reasonable and appropriate.").

f. <u>The Complexity and Duration of the Litigation</u>

" 'In evaluating the complexity and duration of the litigation, courts consider not only the time between filing the complaint and reaching settlement, but also the amount of motions practice prior to settlement, and the amount and nature of discovery.' " *Singleton*, 976 F. Supp. 2d at 686 (quoting *Jones*, 601 F. Supp. 2d at 761). As discussed *supra*, Settlement Counsel went to great lengths to identify potential Net Equity Class members and to obtain the evidence necessary to prosecute this case, including retrieving records from Genuine Title's server. In order to maintain Genuine Title's electronic database, Settlement Counsel have indicated that they initially advanced approximately $20,000 and have advanced approximately $4,000 per month to a technology provider. Mem. Supp. Mot., p. 24, ECF No. 459-1. Additionally, as discussed *supra*, Settlement Counsel engaged in extensive

10

discovery, including serving Interrogatories and Requests for Production on Net Equity and requesting the bank records for two companies owned by Net Equity. Settlement Counsel further noted the deposition of Net Equity's President, although that deposition did not ultimately occur as the parties had begun settlement discussions by that time. The length and duration of this case weigh in favor of granting Settlement Counsels' requested award.

      g.     Public Policy

" 'The most frequent complaint surrounding class action fees is that they are artificially high, with the result (among others) that plaintiffs' lawyers receive too much of the funds set aside to compensate victims.' " *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 687 (D. Md. 2013) (quoting Report on Contingent Fees in Class Action Litigation, 25 Rev. Litig. 459, 466 (2006)). "Thus, in assessing the reasonableness of the requested attorneys' fees, the court must strike the appropriate balance between promoting the important public policy that attorneys continue litigating class action cases that 'vindicate rights that might otherwise go unprotected,' and perpetuating the public perception that 'class action plaintiffs' lawyers are overcompensated for the work that they do.' " *Id.* (quoting Third Circuit Task Force Report, 208 F.R.D. 340, 342, 344 (Jan. 15, 2002)). This case does not pose serious concerns with respect to public policy because no Net Equity Class member has objected to Settlement Counsels' requested attorneys' fees. For the reasons discussed herein, Settlement Counsels' requested award in the amount of 20% of the Settlement Benefit to the Settlement Class or, alternatively, 1/6 of the entire Common Fund, is a reasonable award. A lodestar cross-check confirms that this is a reasonable figure.

B.  Lodestar Cross-Check

As discussed *supra*, Settlement Counsel have requested an award of attorneys' fees and expenses in the amount of "20% of the amount of the Settlement Benefit to the Settlement Class, specifically, $607,163.33." Mot. for Attorneys' Fees, p. 2, ECF No. 459. After deducting Settlement Counsels' total reported costs and expenses of $34,876.08, the amount they seek for fees alone is $572,287.25. *See* Mem. Supp. Mot., p. 22, ECF No. 459-1.

Under the "lodestar" method, a district court identifies a reasonable fee award, or lodestar award, by multiplying the reasonable hours expended by a reasonable hourly rate. *See Xiao–Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001). The court may then adjust that award by employing a "multiplier." *See Whitaker*, 2010 WL 3928616 at *4. "The purpose of a lodestar cross-check is to determine whether a proposed fee award is excessive relative to the hours reportedly worked by counsel, or whether the fee is within some reasonable multiplier of the lodestar." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 688 (D. Md. 2013) (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 306). "Importantly, 'where the lodestar fee is used as a mere cross-check to the percentage method of determining reasonable attorneys' fees, the hours documented by counsel need not be exhaustively scrutinized by the district court.'" *Id.* (quoting *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 385 (D. Md. 2006)). "Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)). Here, Settlement Counsel Michael Paul Smith of the law firm Smith, Gildea & Schmidt, LLC ("SGS") and Veronica Nannis of the law firm Joseph, Greenwald &

12

Laake, P.A. ("JGL") have each submitted affidavits documenting their firms' respective fees and expenses. *See* Smith Aff., ECF No. 459-2; Nannis Aff., ECF No. 459-3.

    a.    Settlement Counsels' Reported Fees and Expenses

        i.    Smith, Gildea & Schmidt, LLC

From the date of opening the file on this case through June 14, 2016, the date of conditional settlement with Net Equity, SGS has spent numerous hours "generally applicable to all defendants" which, when billed at the rates provided in this Court's Local Rules, would yield $622,550.00. Smith Aff., ¶ 34, ECF No. 459-2. Applying the same formula used in previous settlements in this case, SGS has calculated that $162,406.08 of that amount represents Net Equity's proportionate share of the fees. *Id.* Additionally, from the opening of the file through the filing of the pending Petition for Attorneys' Fees, SGS has spent numerous hours "specific to Net Equity" which, when billed at the rates provided in this Court's Local Rules, yield $52,162.50. *Id.* ¶ 35. Accordingly, SGS attributes a total of $214,568.58 in fees to Net Equity. *Id.* ¶ 36. The total amount of costs attributable to Net Equity by SGS is $22,751.71. *Id.* ¶ 39.

        ii.    Joseph, Greenwald & Laake, P.A.

From the date of opening the file on this case through June 14, 2016, the date of conditional settlement with Net Equity, JGL has spent numerous hours "generally applicable to all defendants" which, when billed at the rates provided in this Court's Local Rules, would yield $227,884.00. Nannis Aff., ¶ 16, ECF No. 459-3. Applying the same formula used in previous settlements in this case, JGL has calculated that $69,985.36 of that amount represents Net Equity's proportionate share of the fees. *Id.* Additionally, from the opening

13

of the file through the filing of the pending Petition for Attorneys' Fees, JGL spent numerous hours "specific to Net Equity" which, when billed at the rates provided in this Court's Local Rules, yield $19,210.00. *Id.* ¶ 17. Accordingly, JGL attributes a total of $89,195.36 in fees to Net Equity. The total amount of costs attributable to Net Equity by JGL is $12,124.37. *Id.* ¶ 20.

Therefore, the grand total of attorneys' fees for both firms with respect to Net Equity is $303,763.94. As this Court has explained in *Singleton*, 976 F. Supp. at 688 " 'where the lodestar fee is used as a mere cross-check to the percentage method of determining reasonable attorneys' fees, the hours documented by counsel need not be exhaustively scrutinized by the district court' " (quoting *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d at 385). The grand total of expenses is $34,876.08.

      b.      <u>Lodestar Cross-Check Multiplier</u>

As discussed *supra*, Settlement Counsels' requested award of 20% of the Settlement Benefit to the Settlement Class equals $607,163.33. Subtracting their costs and expenses, Settlement Counsel seek an award of $572,287.25 for fees alone. Accordingly, accepting a lodestar of $303,763.94, based on Settlement Counsels' affidavits discussed *supra*, Settlement Counsel are proposing a lodestar cross-check multiplier of approximately **1.88**, well within the range of reasonable multipliers. As discussed *supra*, this Court has previously held that "lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citing *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 439 (D. Md. 1998)).

## **CONCLUSION**

For these reasons, it is this 15th day of June, 2017, HEREBY ORDERED that:

1. Settlement Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 459) is GRANTED in the full requested, and unopposed, amount of **$607,163.33**, an award equal to 20% of the Settlement Benefit to the Settlement Class or, alternatively, 1/6 of the entire Common Fund;

2. Pursuant to Sections 7.1 & 13 of the Settlement Agreement (ECF No. 412-2), payment of this award shall come from the Common Fund, with the exception of the final $42,980.00 which shall be paid by Net Equity pursuant to a Confessed Judgment Promissory Note payable to Class Counsel for said amount, payable in twelve (12) equal monthly payments with no interest accruing; and

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to Counsel.

　__/s/_____
　Richard D. Bennett
　United States District Judge