IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD J. AND VICKIE FANGMAN, *et al.*, | * | |
| | * | |
| Plaintiffs, | | Civil Action No. RDB-14-0081 |
| | * | |
| v. | | |
| | * | |
| GENUINE TITLE, LLC, *et al.*, | | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

Presently pending is Defendant West Town Bank & Trust's ("West Town") Motion to Unseal Affidavits of Christopher Casazza and Brent Erickson Filed in Support of Plaintiff's Motion for Class Certification (ECF No. 502) and the Opposition of Casazza and Erickson (ECF No. 503). For the reasons that follow, that Motion to Unseal (ECF No. 502) shall be GRANTED.

West Town has moved for the unsealing of the affidavits of Christopher Casazza and Brent Erickson, which are Exhibits 39 and 40 to the Reply in Support of Class Certification (ECF No. 374). West Town seeks these affidavits in connection with its lawsuit filed in the Circuit Court for Harford County, Maryland. *See West Town Bank & Trust v. Christopher Casazza, et al.*, Case No. C-12-CV-21-000663 (Cir. Ct. Harford County). Essentially, after having settled the claims in this litigation in this Court, West Town has filed suit against

Casazza and Erickson claiming that they have a contractual obligation to indemnify West Town for the costs, expenses, and settlement paid in this case.

In their opposition, Casazza and Erickson argue that this subject Motion to Unseal is untimely, unwarranted, and contrary to a previous order of this Court denying an earlier motion to unseal these affidavits. (Mot. to Unseal, ECF No. 433; Memorandum Order, ECF No. 449.) First of all, the subject Motion is not untimely. Casazza and Erickson make reference to Local Rule 113.3 of this Court. That rule simply addresses the disposition of sealed materials and does not impose a jurisdictional deadline. Secondly, this Court's earlier denial of a motion to unseal related to the pendency of the action in this Court.

There is clearly a right to have access to judicial documents after a case has been closed. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014). Judge Chuang of this Court has previously recognized the need to unseal certain documents for a proper purpose. *Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cty.*, Civil Action No. TDC-18-3821, 2021 U.S. Dist. LEXIS 26546, at *36-37 (D. Md. Feb. 10, 2021).

Accordingly, it is HEREBY ORDERED this 29th day of June, 2022 that the Motion to Unseal (ECF No. 502) is GRANTED, and it further ORDERED that the Clerk of this Court shall unseal Exhibits 39 and 40 to Plaintiff's Reply in Support of the Motion for Class Certification and make ECF Nos. 374-3 and 374-4 publicly accessible.

_____/s/_____
Richard D. Bennett
United States District Judge